**BATES et al., Appellees,**

**v.**

**POSTULATE INVESTMENTS, L.L.C., Appellant.**

[Cite as *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90099.

Decided June 9, 2008.

Plunkett & Cooney, P.C., David L. Van Slyke, and Amelia A. Bower, for appellee.

Mitchell L. Alperin, for appellant.

COLLEEN CONWAY COONEY, Presiding Judge.

{¶ 1} Defendant-appellant, Postulate Investments, L.L.C. ("Postulate"), appeals the trial court's granting of summary judgment in favor of plaintiffs-appellees, Tamara Bates and NovaStar Mortgage, Inc. (collectively, "plaintiffs"). Finding merit to the appeal, we reverse.

{¶ 2} This lawsuit arises from a dispute between plaintiffs and Postulate regarding legal title to real property located at 3127 West 88th Street in Cleveland ("the subject property").

{¶ 3} In May 2004, First Horizon Home Loan Corporation, the mortgage bank for the subject property, filed a foreclosure action against Robert Otto, the owner of the subject property at that time, in *First Horizon Home Loan Corp. v. Otto*, case No. CV–530377 ("the foreclosure action").

{¶ 4} In April 2006, Bates learned that the subject property was in foreclosure and that Otto was attempting to sell the property in order to avoid a sheriff's sale. Bates entered into a purchase agreement with Otto to purchase the subject property for $85,000 on May 19, 2006.[1]

{¶ 5} On May 18, 2006, the trial court in the foreclosure action ordered a notice of sale of the subject property. Postulate was the successful bidder at the sheriff's sale on June 19, 2006. Postulate paid $7,000 to the sheriff at the sale, and on June 30, 2006, Postulate paid the sheriff the balance of $25,727.11, for a total of $32,727.11.

{¶ 6} In June, July, and August 2006, Otto moved to stay the confirmation of the sheriff's sale. The last stay was granted until August 21, 2006. On August 10, 2006, Otto conveyed title to the subject property to Bates via a warranty deed.[2] Bates paid $14,171.63 at closing and executed a mortgage for $72,250 in favor of NovaStar. On August 11, 2006, Sherman Title Agency, Inc. ("Sherman"), Bates's closing agent, forwarded a check in the amount of $31,135.53 to Shapiro & Felty, L.L.P. ("Shapiro"), First Horizon's attorneys.[3]

{¶ 7} On August 31, 2006, the trial court in the foreclosure action entered a decree confirming the sheriff's sale and directed the sheriff to execute and deliver to Postulate a good and sufficient deed.

---

1. Bates did not put any money into escrow at that time.

2. The record is unclear as to how Otto could provide Bates a warranty deed when there was a foreclosure action pending on the subject property at the time of the Otto–Bates transaction.

3. On August 11, 2006, Shapiro forwarded First Horizon's final payoff statement to Sherman, requesting that payment be made to First Horizon and mailed to Shapiro's office. However, according to an affidavit from Sherman's owner, Shapiro refused to accept Bates's payment on August 15, 2006.

{¶ 8} On September 13, 2006, the NovaStar mortgage and the Otto–Bates deed for the subject property were recorded. On September 29, 2006, Postulate's deed was recorded.

{¶ 9} Then in October 2006, Bates and NovaStar filed the instant case for declaratory judgment, seeking to quiet title to the subject property as against Postulate.[4] Postulate moved for summary judgment in February 2007, indicating the prior foreclosure action's case number and caption. Plaintiffs opposed Postulate's motion for summary judgment and filed their own motion for summary judgment. In June 2007, the trial court denied Postulate's motion and granted the plaintiffs' motion, ordering that the Cuyahoga County Auditor list Bates as the legal title holder of the subject property. The court also ordered that the sheriff's deed to Postulate be vacated and Sherman pay Postulate $31,135.53.

{¶ 10} Postulate now appeals, raising two assignments of error. In the first assignment of error, Postulate argues that the trial court failed to properly apply summary-judgment standards in reaching its decision. It claims that title passed to it on June 19, 2006, the day of the sheriff's sale. In the second assignment of error, Postulate argues that the trial court erred in granting summary judgment in favor of plaintiffs because Postulate was a bona fide purchaser who legally obtained title through the foreclosure action. Postulate also argues that the trial court erred in failing to apply the doctrine of lis pendens. We will address both assignments of error together because they involve the same standard of review.

### Standard of Review

{¶ 11} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, as follows:

{¶ 12} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the

---

4. Case No. CV–603401. Plaintiffs' complaint mentioned the sheriff's sale but not the case number or caption of the foreclosure action. No motion to consolidate the two cases was filed by either party.

burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274."

{¶ 13} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

### Doctrine of Lis Pendens

{¶ 14} The doctrine of lis pendens is found in R.C. 2703.26 and states as follows:

{¶ 15} "When summons has been served or publication made, the [foreclosure] action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

{¶ 16} Lis pendens prevents third parties who claim to have "acquired an interest" in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment. *Wheeling Corp. v. Columbus & Ohio River RR. Co.*, 147 Ohio App.3d 460, 482, 771 N.E.2d 263, citing *Martin, Rochford & Durr v. Lawyer's Title Ins. Corp.* (1993), 86 Ohio App.3d 20, 619 N.E.2d 1130. The doctrine places any such conveyed interest at risk and notifies the parties that they "are bound by the decree and sale thereunder. In addition, while the foreclosure action is pending, no other action may be commenced concerning the property." *Gaul v. Burks Dev. Corp.* (Jan. 30, 1997), Cuyahoga App. No. 70713, 1997 WL 35562, quoting *Avco Fin. Servs. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378, at paragraph two of the syllabus. See also *Wheeling Corp.*

### Right to Redeem

{¶ 17} Moreover, in Ohio, a mortgagor in a foreclosure action has the right to redeem the property that is the subject of the sale. See R.C. 2329.33.

{¶ 18} "In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing * * * the amount of the judgment or decree upon which such lands were sold, with all costs * * *. The court of common pleas thereupon shall make an order setting aside such sale * * *." Id.

**{¶ 19}** The right to redeem is "absolute and may be validly exercised at any time prior to the confirmation of [the foreclosure] sale." *Women's Fed. Sav. Bank v. Pappadakes* (1988), 38 Ohio St.3d 143, 146, 527 N.E.2d 792.

**{¶ 20}** To effect a redemption of property, the debtor must deposit the amount of the judgment with all costs specified. Id. at paragraph two of the syllabus. The right to redeem, however, expires upon the trial court's confirmation of the sale. *FirstMerit Corp. v. Rohde,* Medina App. No. 05CA0094–M, 2006-Ohio-4922, 2006 WL 2714688.

{¶ 21} In the instant case, First Horizon commenced its foreclosure action against Otto in May 2004.[5] Under R.C. 2703.26, plaintiffs were on notice that any interest they acquired in the subject property was at risk and subject to the final outcome of the litigation.[6]

{¶ 22} Postulate bought the subject property at the sheriff's sale on June 19, 2006. The trial court, pursuant to Otto's requests, stayed the confirmation of the sale of the subject property until August 21, 2006. However, instead of exercising his right to redeem by depositing the amount of the judgment during the stay, Otto sold the property to Bates.

{¶ 23} Once the court in the foreclosure action confirmed the sheriff's sale on August 31, 2006, Postulate became the legal title holder of the subject property, and Otto could no longer exercise his right of redemption. Therefore, the plaintiffs should have sought to intervene in the foreclosure action, because they transacted an interest in the subject property after the proceedings began, rather than improperly instituting an entirely separate proceeding against Postulate. See *First Bank Natl. Assoc. v. 10546 Euclid Ave. Inc.* (June 29, 1989), Cuyahoga App. Nos. 55426–55430, 1989 WL 73023, citing *Kral Builders v. Gerl* (1986), 27 Ohio App.3d 353, 27 OBR 412, 501 N.E.2d 101.

{¶ 24} Because the plaintiffs transacted their interest at their peril and were bound by the outcome of the pending foreclosure action under the doctrine of lis pendens and in light of Otto's failure to properly exercise his right of redemption, we find that no genuine issue of material fact exists, and Postulate is the legal title holder of the subject property. Thus, we reverse the trial court's granting of summary judgment in favor of plaintiffs and enter summary judgment in favor of Postulate, consistent with the valid and final judgment in case No. CV–530377.

---

**5.** Otto was on notice of the foreclosure action in June 2004. Bates knew of the foreclosure action in April 2006.

**6.** The record clearly demonstrates that Bates knew that the property was the subject of a foreclosure action in April 2006. Public notice of the sheriff's sale would have allowed her to purchase the property at the sale.

{¶ 25} Accordingly, the first and second assignments of error are sustained.

{¶ 26} The judgment is reversed.

{¶ 27} This cause remanded to the lower court for further proceedings consistent with this opinion.

Judgment accordingly.

ROCCO and CELEBREZZE, JJ., concur.