JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Ronald M. Rutt appeals the trial court's denial of his motion to intervene. He assigns one error for our review:
 "I. The trial court erred in denying Mr. Rutt's motion to intervene in the foreclosure action in its January 31, 2008 order."
 {¶ 2} Having reviewed the facts and pertinent law, we reverse and remand the trial court's denial of Mr. Rutt's motion to intervene; we also vacate the foreclosure judgment. The apposite facts follow.
 Factual Background {¶ 3} On June 29, 2007, Fifth Third Mortgage filed a complaint for foreclosure against Michael and Pamela DeAnna for nonpayment of their mortgage in the amount of $106,849.97. The homeowners failed to appear and a magistrate entered a default judgment. On December 3, 2007, the magistrate entered an order granting Fifth Third's complaint for foreclosure.
 {¶ 4} On December 17, 2007, the DeAnnas filed a motion to file an answer instanter and a motion objecting to the magistrate's decision. The court denied the DeAnnas' motions because it found no excusable neglect for the late filings.
 {¶ 5} On the same day that the DeAnnas filed their objections, Mr. Rutt filed his motion to intervene and objections to the magistrate's decision. He contended that unbeknownst to him, the property was pending in foreclosure when he purchased the property, and that he received warranty title in the *Page 5 
property on August 23, 2007. The trial court denied Mr. Rutt's objections, concluding that because he was not a party at the time the decision was entered, he could not object. The court also denied Mr. Rutt's motion to intervene concluding:
 "Pursuant to O.R.C. 2703.26, `While pending, no interest can be acquired by third persons in the subject of the action against plaintiffs title.' See also, Avco Financial Services Loan Inc. v. Hale (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378. In this case the lis pendens date was 7/10/07 but Ronald Rutt did not allegedly acquire a recorded interest in the property until 8/23/2007. As such Ronald Rutt took title to the real estate subject to the final outcome of his case and is not a necessary party."
 {¶ 6} The trial court adopted the magistrate's decision and issued a notice of the foreclosure sale.[1]
 Denial of Motion to Intervene {¶ 7} In his sole assigned error, Mr. Rutt contends the trial court erred by denying his motion to intervene in the foreclosure proceedings.
 {¶ 8} The standard of review for a Civ. R. 24(A)(2) motion for intervention as a matter of right is an abuse of discretion.[2] In order to find an abuse of *Page 6 
discretion, we must conclude the trial court's decision was unreasonable, arbitrary or unconscionable.[3] However, a right to intervene must be liberally construed in favor of intervention.[4]
 {¶ 9} Mr. Rutt claims that because he has a possessory interest in the property and also holds title to the property, the trial court abused its discretion by not permitting him to intervene in the foreclosure proceeding. We agree.
 {¶ 10} Civ. R. 24(A) provides:
 "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Page 7 
 {¶ 11} We conclude the above requirements have been met in the instant case. Mr. Rutt claims ownership interest in the property that is subject to foreclosure. If the property is foreclosed upon and sold, his ability to protect his interest in the property will be impaired and impeded. The Deannas failed to adequately represent his interest in the property as they failed to appear in the action and permitted a default judgment to be entered against them.
 {¶ 12} Fifth Third argues that lis pendens prevents Mr. Rutt from claiming an interest superior to Fifth Third's interest; thus, Mr. Rutt's motion to intervene was properly denied. We disagree. The doctrine of lis pendens is found in R.C. 2703.26 and states as follows:
 "When summons has been served or publication made, the [foreclosure] action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiffs title."
 {¶ 13} Thus, lis pendens prevents third parties who claim to have "acquired an interest" in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment.[5] *Page 8 
 {¶ 14} In the instant case, Fifth Third filed the foreclosure complaint on June 29, 2007, and service was obtained on all the parties by July 10, 2007. Mr. Rutt's interest in the property was not recorded until August 23, 2007, which was well after the foreclosure complaint was filed. However, at the time Fifth Third filed the foreclosure complaint, the Deannas' mortgage was incorrectly recorded as satisfied; therefore, Fifth Third had no right of foreclosure at the time the complaint was filed. The error in the recording of the mortgage was not corrected until November 14, 2007, which was after Mr. Rutt's mortgage was recorded. Therefore, lis pendens does not prevent Mr. Rutt from asserting an interest in the property because he asserted his interest before Fifth Third recorded a corrected mortgage. Accordingly, Mr. Rutt's sole assigned error is sustained.
 {¶ 15} Judgment as to the trial court's denial of the motion to intervene is reversed and remanded; foreclosure judgment vacated.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
CHRISTINE T. MCMONAGLE, P.J., and MARY J. BOYLE, J., CONCUR
[1] Chicago Title placed a bond on the property; therefore, sale of the property has been stayed.
[2] Meyers v. Basobas (1998), 129 Ohio App.3d 692, 696; Young v.Equitec Real Estate Investors Fund (1995), 100 Ohio App.3d 136, 138;Widder and Widder v. Kutnick (1996), 113 Ohio App.3d 616.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] State ex rel. Smith v. Ford (1995), 74 Ohio St.3d 107, 108;Peterman v. Village of Patakala (1997), 122 Ohio App.3d 758, 761.
[5] Wheeling Corp. v. Columbus Ohio River RR. Co.,147 Ohio App.3d 460, 482, 2001-Ohio-8751, citing Martin, Rochford Durr v. LawyersTitle Ins. Corp. (1993), 86 Ohio App.3d 20; Bates v. PostulateInvestments, LLC, 176 Ohio App.3d 523, 2008-Ohio-2815. *Page 1