{¶ 8} I respectfully dissent. I would affirm the grant of summary judgment for the city.
 {¶ 9} The majority places the burden on the city to offer the title to substantiate its ownership or right to possession. However, the city would not have title or possession any longer because, according to the majority opinion, Darryl's defense attorney told the court in the criminal case in November 2006 that title had been turned over to the state. Kelvin admitted during oral argument that he no longer has the title, having given it to "his attorney."
 {¶ 10} Therefore, I would not allow this separate replevin action to be used to vacate a forfeiture entered in a criminal case in 2006.
 {¶ 11} Kelvin should have petitioned the court in the criminal case regarding his interest in the truck. Instead, he attempted to collaterally attack the *Page 6 
forfeiture order in an entirely separate proceeding, despite having notice that the truck was subject to forfeiture in his brother's criminal case. A review of the record reveals that Kelvin knew that Darryl agreed to forfeit the truck to the state in exchange for a lesser sentence.[1] Kelvin also claimed that Darryl agreed to pay him $8,000 for the 1997 truck. His remedy is against his brother who agreed to purchase the truck and received a benefit by its forfeiture.
 {¶ 12} Therefore, I would affirm.
[1] See, also, Bates v. Postulate Invests., L.L.C.,176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, in which this court held that a party with an "interest" should intervene in the existing action, rather than improperly instituting an entirely separate proceeding. *Page 1