In re Robert A. SEYMOUR, Sr.,
Sherida L. Seymour,
Debtors.

Frederick L. Ransier, Trustee,
Plaintiff,

v.

Countrywide Home Loans, Inc., a/k/a
America's Wholesale Lender, et
al., Defendants.

Bankruptcy No. 09–52815.
Adversary No. 09–02310.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 27, 2010.

Jesse Cook–Dubin, Columbus, OH, for Plaintiff.

Amelia A. Bower, Columbus, OH, for Defendants.

Mortgage Electronic Registration Systems, Inc., Cleveland, OH, pro se.

### *MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Motion for Summary Judgment (Doc. # 13) filed by Plaintiff, Frederick L. Ransier, Trustee, ("Trustee" or "Plaintiff"), the Response (Doc. # 15) filed by Countrywide Home Loans, Inc., ("Countrywide" or "Defendant"), and Trustee's Reply (Doc. # 16) filed in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must deem as true the nonmoving party's evidence and must view all justifiable inferences in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538

(1986); *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit Court of Appeals has articulated the following standard to apply when evaluating a motion for summary judgment:

[T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). However, determinations of credibility, weight to be given the evidence, and legitimate inferences to be drawn from the facts remain the province of the jury. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.),* 119 F.3d 409, 412 (6th Cir.1997); *see also Celotex,* 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.").

## II. Findings of Fact

The facts upon which this matter may be decided are without dispute and may be summarized as follows: Robert A. Seymour, Sr. and Sherida L. Seymour (collectively referred to as "Debtors") own real property located at 12007 Cook Yankeetown Rd., NE, Mt. Sterling, Ohio (the "Real Property"). On or around November 4, 2004, Debtors executed a mortgage (the "Mortgage") granting a lien upon the Real Property to Countrywide. The Mortgage contains the following certificate of acknowledgment executed by the notary public:

STATE OF OHIO, County ss: Franklin

This instrument was acknowledged before me this 4th of November 2004, by

[blank]

My Commission Expires:

/s/ Diallo K. Sewell [1]
Notary Public

Below the notary's signature is his notarial stamp with the seal and the expiration date of his Commission. The Mortgage was subsequently recorded on November 15, 2004 at Official Record No. 200400005920 in the Fayette County, Ohio, Recorder's Office.

Just over two years subsequent, on February 5, 2007, Countrywide filed a Complaint in Foreclosure and for Reformation of Mortgage in the Court of Common Pleas, Fayette County, Ohio against Debtors. After considering this complaint and Debtors' answer thereto, the common pleas court entered an Entry Granting Summary [sic] and Decree in Foreclosure in favor of Countrywide on April 30, 2008.

The final entry concluded that the Mortgage held by Countrywide "constitute[d] a valid and first lien upon" the Real Property of Debtors.

Before a foreclosure sale was held, Debtors filed a joint chapter 7 Petition for Relief on March 20, 2009. Subsequently, Frederick L. Ransier was appointed as trustee ("Trustee"). Thereafter, the Trustee initiated this adversary proceeding by filing a complaint asserting the position of a bona fide purchaser of real property pursuant to 11 U.S.C. § 544(a)(3) and seeking to void the mortgage held by Countrywide on the basis that the mortgage is defective pursuant to Ohio law.

---

**1.** The "/s/" followed by a name is the Court's attempt to depict the actual signatures on the Mortgage document.

### III. Conclusions of Law

"The 'strong arm' clause of the Bankruptcy Code, 11 U.S.C. § 544(a), grants a bankruptcy trustee the power to avoid transfers of property that would be avoidable by certain hypothetical parties." *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1023 (6th Cir. 2001). Pursuant to the Bankruptcy Code, "[t]he Trustee shall have … the rights and powers of, or may avoid any transfer of property of the debtor … that is voidable by a bona fide purchaser of real property…." 11 U.S.C. § 544(a)(3). However, "the Bankruptcy Code's strong arm clause does not immunize a trustee who has constructive knowledge of a prior mortgage…." *Zaptocky*, 250 F.3d at 1027 (citation omitted). "[S]tate law determines the extent of the trustee's rights under § 544(a)(3)." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 655 (6th Cir. BAP 2001) (citations omitted). Under Ohio law, the party challenging the validity of a mortgage must prove by clear and convincing evidence that the mortgage is not valid. *See Menninger v. Mortgage Elec. Registration Sys. (In re Bowling)*, 314 B.R. 127, 135 (Bankr. S.D.Ohio 2004).

Ohio Revised Code § 5301.25(A) provides that all instruments for the conveyance or encumbrance of land shall be recorded. It is well established that a mortgage must be properly executed for the recording to be effective. *Ransier v. Standard Fed. Bank, FSG (In re Collins)*, 292 B.R. 842, 846 (Bankr.S.D.Ohio 2003); *see also* Ohio Rev.Code § 5301.25(A). "Without proper execution, a mortgage's recording is ineffective and the mortgage is 'fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such … instrument.'" *Suhar v. Land (In re Land)*, 289 B.R. 71, 74 (Bankr.N.D.Ohio 2003) (quoting Ohio Rev. Code § 5301.25(A) (2002)) (omission in original). Under Ohio law, a bona fide purchaser may only avoid an improperly executed mortgage if he does not have actual or constructive knowledge of that transaction. *Zaptocky*, 250 F.3d at 1027. A means by which a bona fide purchaser, and the bankruptcy trustee acting as the same, may obtain constructive notice is via lis pendens. This common law doctrine is codified by Ohio Revised Code § 2703.26, which provides that "[w]hen summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, *no interest can be acquired by third persons* in the subject of the action, as against the plaintiff's title." Ohio Rev. Code § 2703.26 (emphasis added.) "[L]is pendens operates upon the filing of a judicial foreclosure suit in Ohio, if the subject property is specifically described, and … it provides constructive notice to all of the mortgagee's interest, whatever that may be." *Periandri*, 266 B.R. at 654. The purpose of "[t]his doctrine is sound and wholesome, in that it preserves the status quo of all conflicting rights and interests in the property in question until there is a final adjudication of the issues raised in the pending suit." *Cook v. Mozer*, 108 Ohio St. 30, 39, 140 N.E. 590, 592 (Ohio 1923). In other words, "[l]is pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment." *Bates v. Postulate Investments, LLC*, 176 Ohio App.3d 523, 527, 892 N.E.2d 937, 940 (2008). Consequently, "[t]he doctrine places any such conveyed interest at risk and notifies the parties that they 'are bound by the decree and sale thereunder.'" *Id.* In Ohio, a foreclosure proceeding is considered pending through the final decree and until the

interest in the property in question has been foreclosed and the property sold. *Martin, Rochford and Durr v. Lawyer's Title Insurance Corporation*, 86 Ohio App.3d 20, 22–23, 619 N.E.2d 1130 (1993). The Ohio Supreme Court's explanation provides an accommodating summation of the lis pendens doctrine:

> The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation. It is immaterial that a purchaser was a bona fide purchaser and for a valuable consideration.

*Cook*, 108 Ohio St. at 36, 140 N.E. at 592.

 In the instant case, Countrywide filed a foreclosure action against the Debtors in the Fayette County Court of Common Pleas on February 5, 2007. Presumably Debtors were served with summons and a copy of the foreclosure complaint, inasmuch as they filed an answer to the complaint. Lis pendens attached at that time. The foreclosure complaint filed by Countrywide specifically describes the Real Property in exhibits consisting of a copy of the mortgage with an attached legal description of the Real Property. In due course, the common pleas court issued its Entry Granting Summary [sic] and Decree in Foreclosure, finding that Country-

wide's Mortgage was valid and constituted the first lien on Debtors' Real Property. The decree went on to order the Sheriff to sell the Real Property. However, no sale of the Real Property has been undertaken.

Trustee argues, under the guise of the facts presented, that even though the Mortgage has been recorded, it was not properly executed because the acknowledgment clause omits the name of the Debtors and thus fails to comply with Ohio Revised Code § 5301.01. Therefore, the Mortgage is fatally defective. Logically continuing down this path, Trustee concludes that as a hypothetical bona fide purchaser under § 544(a)(3), he is entitled to avoid the Mortgage. As to the lis pendens, Trustee asserts that the doctrine as codified is merely a procedural device and the effectuated constructive notice is only as good as the title to which it refers. Resultantly, Countrywide may not rely upon a procedural device to cure its fatally defective Mortgage. Therefore, Trustee concludes, Countrywide's title falls prey to his bona fide purchaser status inasmuch as he, as a hypothetical bona fide purchaser, may avoid said title.

Trustee's argument would be persuasive, if it were anchored upon a different set of facts. If, for example, the foreclosure action had not proceeded to a final decree or adjudication and the mortgage defect forestalled any conveyance of interest in the debtor's property to the mortgagee, then Trustee's argument that the lis pendens is only as good as the defective mortgage to which it gives notice would bear weight worthy of scrupulous review. However, such facts are not present in the instant case. Here, the foreclosure action at issue engendered a final decree in a court of competent jurisdiction, which recognized Countrywide's "valid and first lien" upon Debtors' Real Property. The record indicates that the sheriff's sale of

the Real Property had not taken place before Debtors filed their bankruptcy petition. Therefore, as of the date of commencement of the Debtors' bankruptcy case, the date which Trustee took his interest in the Real Property, lis pendens remained in effect. Consequently, Trustee is "bound by the decree and sale thereunder." *Bates,* 176 Ohio App.3d at 527, 892 N.E.2d at 940. The lis pendens gives Trustee constructive notice of the title held by Countrywide to which it refers, which here is a "valid and first lien" on the Real Property pursuant to the finding of the state court.

Moreover, the Trustee has misconstrued the impact of the acknowledgement defect. The defect contained within the Mortgage was an improperly executed acknowledgement clause. Such a defectively executed conveyance of an interest in land may not be properly recordable; however, it is not a fatal defect. The interest is valid as between the parties to the Mortgage, in absence of fraud. *Citizens Nat'l Bank v. Denison,* 165 Ohio St. 89, 95 133 N.E.2d 329 (1956) (citations omitted). It is merely ineffective as to bona fide purchasers without knowledge of its existence. Hence, a lis pendens that subsequently is interposed by a foreclosure action between the parties

regarding the property in question will give notice of the creditor's valid interest in the property. In other words, the lis pendens will effectuate constructive notice as to the interest to which it refers.

Accordingly, Trustee cannot avoid, as a hypothetical bona fide purchaser, a valid first lien on the Real Property of which he has notice.[2]

Notwithstanding, Trustee embellishes his argument with policy reasons why the lis pendens should not be applied to prohibit his avoidance of Countrywide's lien interest. Specifically, Trustee asserts that Countrywide should not be permitted to circumvent the acknowledgment requirement of § 5301.01 by merely filing a foreclosure action, because such a ruling will actualize a perverse incentive for any mortgage holder to file a foreclosure action upon the first default as opposed to assisting a debtor to become current on the underlying loan. The Court acknowledges and appreciates Trustee's view; however such concerns "are not for judicial resolution, since the constructive notice effect of lis pendens is an Ohio legislative enactment." *Periandri,* 266 B.R. at 657–58. Accordingly, the Court finds the Trustee's policy arguments unpersuasive.

**2.** The Court must take this opportunity to comment on Countrywide's arguments. Sparse on discussion almost to detriment, Countrywide asserts that the issue presented in this case has already been decided by this Court. Countrywide rests its argument on *Pees v. Countrywide Home Loans, Inc. (In re Frost),* 384 B.R. 781 (Bankr.S.D.Ohio 2008). *Frost* is clearly distinguishable from the facts presented here. In *Frost,* a foreclosure action was pending at the time the bankruptcy case commenced; however, no final decree had been issued by the state court. Furthermore, the plaintiff in that case argued simply that lis pendens was not applicable to Chapter 13 proceedings and therefore did not impute constructive notice to him as Trustee. Here, unlike *Frost,* a final decree in the foreclosure

action has been rendered. Moreover, the issue before the Court in the instant case is whether the constructive notice imputed to Trustee via the foreclosure action's lis pendens prohibits his ability to avoid Countrywide's interest in the Real Property; not, as was the issue in *Frost,* whether lis pendens applied to Chapter 13 proceedings. In other words, the Trustee in *Frost* did not raise the issue, as Plaintiff does in this proceeding, whether the constructive notice imputed to him by the lis pendens was merely notice of a defective mortgage interest and therefore does not inhibit exercise of his avoidance powers pursuant to § 544(a)(3). Accordingly, Countrywide's assertion that the issue presently before this Court has already been decided in *Frost* is derelict.

Trustee also asserts that his present action is not an attempt in any way to obtain a review of the common pleas court's judgment. Based upon this assertion, and upon the fact that the outcome of this opinion does not affect the common pleas court's judgment, the Court does not deem it necessary to discuss the intricacies of potential issues regarding the Full Faith and Credit Clause of the United States Constitution and the legal cannons which have derived therefrom, such as res judicata and collateral estoppel.

In the present case, Debtors filed their voluntary Petition for Relief approximately ten months after a final decree had been rendered in the foreclosure action regarding the Real Property. Said decree engendered a valid and first lien in favor of Countrywide upon Debtors' Real Property. At the time Debtors' filed their bankruptcy petition no sheriff's sale had occurred in conjunction with the foreclosure action; thus lis pendens was in effect and imputed to Trustee constructive notice of Countrywide's valid and first lien on the Debtors' Real Property. By taking an interest in the Real Property while the lis pendens was effectuating constructive notice of Countrywide's interest, Trustee took subject to Countrywide's interest, which at that point in time had become a valid first lien on the property through the common pleas court's decree, irrespective of the allegedly defective Mortgage. Consequently, Trustee cannot employ his hypothetical bona fide purchaser status to avoid a valid and first lien interest in real property of which he had constructive notice. Therefore, the Court finds in favor of Countrywide and declines to avoid Coun-

trywide's Mortgage on Debtors' Real Property.[3]

## IV. Conclusion

For the foregoing reasons, the Court finds that by operation of the lis pendens statute, the Chapter 7 Trustee had constructive knowledge of Countrywide's lien interest at the time the bankruptcy case was filed, and thus, could not acquire the status of a bona fide purchaser. Therefore, the Trustee cannot maintain an action to avoid Countrywide's lien interest pursuant to 11 U.S.C. § 544(a)(3). Accordingly, the Court finds that the Defendant is entitled to judgment as a matter of law. Therefore, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment hereby is DENIED. However, there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law; judgment will be entered in favor of Defendant. A separate Final Judgment will be entered in accordance with the foregoing.

**IT IS SO ORDERED.**

---

**3.** Countrywide also suggests that Trustee's action herein constitutes a collateral attack upon the common pleas court's judgment in contravention of the Rooker–Feldman Doctrine. In light of this opinion, the Court does not deem it necessary to trek down the path of Rooker–Feldman.