[Cite as *Weese v. Dalton*, 2023-Ohio-3905.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIAM WEESE | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CHARLES W. DALTON III, ET AL. | : | Case No. 23CA000003 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                      Pleas, Case No. 21CV000242

JUDGMENT:                             Reversed and Remanded

DATE OF JUDGMENT:                     October 26, 2023

APPEARANCES:

For Plaintiff-Appellant                 For Appellee Christina Dalton

BRIAN W. BENBOW                         JESSE W. MOSES
265 Sunrise Center Drive                255 Second Street, NE, Suite D
Zanesville, OH 43701                    New Philadelphia, OH 44663

For Guernsey County Treasurer           For Larry Lang

LINDEY ANGLER                           MATTHEW C. CARLISLE
409 Wheeling Avenue                     424 Second Street
Cambridge, OH 43725                     P.O. Box 739
                                        Marietta, OH 45750

*King, J.*

{¶ 1}   Plaintiff-Appellant, William Weese, appeals the January 5, 2023 entry of the Court of Common Pleas of Guernsey County, Ohio, granting the summary judgment motion filed by Defendant-Appellee, Christina Dalton ("Christina").  We reverse the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In 2017, Weese and Charles W. Dalton, III ("Dalton") entered into a contract for Dalton to perform home remodeling work on Weese's residence.  Dalton failed to uphold his end of the bargain.

{¶ 3}   On November 6, 2017, Weese filed a complaint against Dalton alleging several claims including fraud (Case No. 2017CI0391); the complaint was filed in the Coshocton County Court of Common Pleas.  Dalton failed to answer.  By judgment entry filed March 20, 2018, the trial court granted default judgment to Weese and awarded him $87,994.66; a finding of fraud was not affirmatively made by the trial court.  On April 27, 2018, Weese filed a certificate of judgment in Coshocton County (Case No. 2018JLD046).

{¶ 4}   On January 8, 2018, Larry Lang received a judgment against Dalton in the amount of $22,500.00 from the Court of Common Pleas of Washington County (Case No. 16OT000287).  On February 7, 2018, Lang filed a certificate of judgment in Guernsey County (Case No. 18JL015496).

{¶ 5}   On May 25, 2018, Lang filed a complaint in the Court of Common Pleas of Guernsey County seeking foreclosure on a property Dalton owned, allegedly as tenants in common with his wife, Christina (Case No. 18CV000278).[1]  Named defendants were

---

[1]The Lang case has been made a part of the record for this appeal.  *See* Judgment Entry filed January 30, 2023.  A General Warranty Deed conveyed the property to Charles W.

Dalton and the Guernsey County Treasurer; Weese was not named as a party to the action. Dalton failed to answer. Instead he informed the trial court he had filed for bankruptcy and the case was stayed; the bankruptcy was never filed and Lang's case proceeded.

{¶ 6} On October 9, 2018, Weese filed his certificate of judgment in Guernsey County (Case No. 18JL015656).

{¶ 7} On February 14, 2019, the trial court granted Lang's motion for summary judgment in Case No. 18CV000278 and ordered foreclosure and sale of the property. A sheriff's sale held on August 16, 2019, did not attract any bidders; there was no sale. An amended final judicial report was filed on September 10, 2019; Weese's certificate of judgment was not listed. On September 11, 2019, Dalton filed a notice asserting a homestead exemption. By magistrate's order filed September 12, 2019, the sheriff's sale scheduled for the next day was cancelled. By entry filed October 17, 2019, the trial court granted Dalton's homestead exemption.

{¶ 8} On January 13, 2020, Dalton passed away.

{¶ 9} On May 26, 2021, Weese filed a motion to intervene in the Lang case and a motion for relief from judgment. Weese sought to enforce his judgment lien out of Coshocton County and filed in Guernsey County. On July 21, 2021, Weese filed a motion to substitute the estate fiduciary for Dalton as a new party-defendant. Weese could not locate any estate matter filed for Dalton. By entry filed July 23, 2021, the trial court denied Weese's motion to intervene, finding the "issues that are raised as to whether or not Christina Dalton may or may not be entitled to pursue a homestead exemption are not

---

Dalton, III and Christina Moore on June 23, 2008. The parties married in September 2012.

ripe for decision at this time." The trial court also denied Weese's motion to substitute the estate fiduciary for Dalton. Weese did not appeal the decision denying his motion to intervene.

{¶ 10} On August 5, 2021, Weese filed a complaint in the Court of Common Pleas of Guernsey County seeking to foreclose on his judgment lien (Case No. 21CV000242). Named as defendants in part were Dalton, the executor of Dalton's estate, Christina, and Lang.

{¶ 11} On June 28, 2022, Christina filed a motion for summary judgment, arguing lis pendens and res judicata stemming from the Lang case. On October 3, 2022, Weese filed a memorandum contra and a cross-motion for summary judgment, arguing he was not a party in the Lang case, the two doctrines did not apply, and Christina lacked standing to invoke the homestead exemption. By entry filed January 5, 2023, the trial court granted summary judgment to Christina and denied Weese's motion, finding lis pendens applied; the trial court dismissed the case.

{¶ 12} Weese filed an appeal with the following assignment of error:

I

{¶ 13} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

I

{¶ 14} In his sole assignment of error, Weese claims in part that the trial court erred in granting summary judgment to Christina. We agree.

{¶ 15} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Regarding summary judgment, the Supreme Court stated the following in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 16} As an appellate court reviewing summary judgment motions, we must stand in place of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 17} This matter comes to us on a complaint of foreclosure filed nearly two years after final judgment in the Lang foreclosure action addressing the same property, but it involved different parties and Weese was not a party to that final judgment. Moreover, Dalton has since died; whether or not an estate has been opened and the status of the property are unknown. In addition, Christina's interest in the property was not expressly

decided in that case. We conclude the trial court erred in finding the doctrine of lis pendens had a preclusive effect and remand this matter for the trial court to determine the various rights and priorities of the parties consistent with this opinion.

{¶ 18} In order to properly resolve the matter before us, it is necessary to review the Lang case. In January 2018, Lang received a judgment against Dalton in the amount of $22,500.00 from the Court of Common Pleas of Washington County; Lang filed his certificate of judgment in Guernsey County in February 2018. In May 2018, Lang filed a complaint in the Court of Common Pleas of Guernsey County to foreclosure on a property Dalton owned in the county. Lang asked the court to marshal the liens, foreclose on them, and distribute the proceeds from the sale in order of priority. At the time, Weese was an unsecured judgment creditor by benefit of the judgment he received in Coshocton County. But, unlike other lienholders, Weese was not joined in the Lang case because he had yet to file a certificate of judgment against the property. Although, for reasons not in the record, other creditors became aware of the case and filed motions to intervene.

{¶ 19} Dalton initially did not formally answer; instead, he filed a handwritten letter stating he had filed a Chapter 13 bankruptcy. But as it turned out, Dalton had not actually filed bankruptcy. Lang filed a notice of non-filing of bankruptcy and the trial court proceeded with the matter. Although Weese did not seek to join the case, he domesticated his certificate of judgment in Guernsey County on October 9, 2018. Because this action was after the filing of the complaint, his lien did not appear on the preliminary judicial report required by R.C. 2329.191.

{¶ 20} On October 12, 2018, Lang filed a motion for summary judgment. He argued he had a valid lien under R.C. 2329.02 and was entitled to an order of sale. On the same day the trial court filed an entry granting summary judgment to Lang, another

creditor filed a motion to intervene. The trial court then vacated the summary judgment decision and took the motion to intervene under consideration.

{¶ 21} On December 10, 2018, the trial court granted the motion to intervene and gave that creditor time to respond to the motion for summary judgment. Ultimately on February 14, 2019, the trial court granted the summary judgment and ordered foreclosure. In that entry, the trial court ordered the property to be sold, and set forth the priority of proceeds to be paid to creditors as follows: first, to pay the court costs; second, to pay sums owed to the Treasurer; third, payment to Lang for amounts he pleaded and associated court costs; and last, "the balance, if any, shall be held subject to further Order of this Court." The trial court also included Civ.R. 54(B) language stating there was no just cause for delay.

{¶ 22} On July 15, 2019, the trial court ordered the sale to take place on August 16, 2019. On the day of the sale, the sheriff gave notice to the trial court that there were no bidders. Although Christina had not been included as a party, she sent a letter to the trial court on or about August 26, 2019, asking for time "to find out what exactly [is] going on with my home." She was unaware her home "was in danger." Then on September 11, 2019, counsel for Dalton appeared, asserting a homestead exemption and asking for an immediate stay.

{¶ 23} Lang responded, arguing the failure to raise the homestead exemption before the judicial sale was preclusive and Dalton did not attest that the property was his domicile. Although the parties were separated, and Dalton never properly answered, the trial court found the homestead exemption applied and was timely raised. No party appealed and nothing further happened until Weese filed a suggestion of death of Dalton, a motion to intervene, and a motion for relief from judgment on May 26, 2021.

{¶ 24} Christina responded, arguing if Weese had been a party at the time of judgment, he would have been in the same position as the other creditors i.e., the homestead exemption would have precluded foreclosure of his interest too. Christina also argued she is now entitled to raise the homestead exemption; so, there would be no change in the status quo. Finally, she argued granting intervention after final judgment was unusual and should not be allowed. The trial court denied the motion to intervene and stated, "[t]he issues that are raised as to whether or not Christina Dalton may or may not be entitled to pursue a homestead exemption are not ripe for decision at this time." Weese did not appeal the denial of his motion to intervene; he instead filed a separate suit seeking foreclosure of the property.

{¶ 25} On August 5, 2021, Weese filed a complaint seeking foreclosure of the same property. This complaint named Christina, Dalton, and the Executor of the Estate of Charles W. Dalton, III.[2] Christina argued the doctrines of res judicata and lis pendens barred Weese's complaint and moved for summary judgment. The trial court agreed, finding lis pendens barred the complaint and dismissed the action. The matter is now before us.

{¶ 26} Because the purpose of doctrines such as claim preclusion bar certain claims in later litigation, it is useful to first consider the claims that Christina argues are barred. After Weese received a default judgment against Dalton in Coshocton County, he obtained a certificate of judgment. He then filed the certificate of judgment in Guernsey County. Weese did not then seek to execute against the property, nor was his lien marshalled in the Lang action. In fact, he took no action to execute until after Dalton died.

---

[2]An executor was not named, and service to executor was made to Christina's address. There is no indication in the record that an estate has been opened.

Then Weese filed his motion to intervene in the Lang case. After his motion was denied, Weese filed this case, making similar arguments as in his motion.

{¶ 27} Weese's suit seeks foreclosure on the same property as the Lang case. Weese's complaint also seeks to marshal the various liens and to execute the decree of foreclosure. These actions were also contemplated in the Lang case. Indeed, the property was ordered to be sold and was offered for sale by the Guernsey County Sheriff. But the issues are not completely identical. Christina now seeks to thwart an execution against the property she no longer shares an ownership interest in with Dalton. Her argument is that the Lang judgments, particularly the one finding that Dalton's interest in the property (up to $125,000.00) was exempt from foreclosure under R.C. 2329.66(A)(1)(b) (the Homestead Exemption), effectively bar Weese's complaint. Weese contends his claim is not barred. He also appears to contend that because of Dalton's death, the homestead exemption must be evaluated under the interest of the surviving owner, Christina.

{¶ 28} We address first the issue of foreclosure, which Weese's present action seeks. Christina argues the trial court's denial of Weese's motion to intervene and motion for relief from judgment in the Lang case requires dismissal of this case under the doctrine of claim preclusion (also known as res judicata or estoppel by judgment). The Supreme Court of Ohio has defined this doctrine as preventing "subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. Later claims that were not raised but could have been are also precluded. *Id.* The Supreme Court has acknowledged the concept of privity can be "amorphous." *Id.* at ¶ 9. Typically, claim preclusion only applies

defensively i.e., a defendant in a later suit can use the doctrine to bar the action. *Id.* at ¶ 14.

{¶ 29} We begin with the fact that Weese was not a party to the Lang case prior to final judgment being entered. Christina makes much out of the fact that years after final judgment, Weese filed a motion to intervene and a motion for relief from judgment. But the Supreme Court has held that motions to intervene generally should not be granted after final judgment. *State ex rel. First New Shiloh Baptist Church v. Meagher,* 82 Ohio St.3d 501, 503-504, 696 N.E.2d 1058 (1998) ("Intervention after final judgment has been entered is unusual and ordinarily will not be granted"). It would be incongruent to encourage trial courts to deny these motions then broadly apply claim and issue preclusion to a movant's subsequent and related filed action. To that end, the Supreme Court has held: "When a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, paragraph two of the syllabus.

{¶ 30} Further, the Supreme Court's holding in *Gehm* suggests the denial of a motion to intervene is often not a final appealable order. *Id.* at ¶ 37. Thus, applying the doctrine here would require us to engage in a hypothetical analysis as to whether that non-existent appeal would have been a final appealable order without the benefit of briefing from the parties on the matter. We decline to undertake such an inquiry given these conditions. Accordingly, we hold Weese's failure to appeal the denial of his motion to intervene does not act as an absolute bar in bringing this action.

{¶ 31} Next, we consider whether the doctrine of lis pendens applies to this matter. This doctrine has been codified in R.C. 2703.26: "When a complaint is filed, the action is

pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." The overriding purpose of this doctrine is meant to protect the interest of the plaintiff-creditor rather than any interest of the defendant-debtor. *See, e.g., Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 30; *Levin v. George Fraam & Sons, Inc.*, 65 Ohio App.3d 841, 845, 585 N.E.2d 527 (9th Dist.1990). Other districts have stated the doctrine as follows: " 'Lis pendens prevents third parties who claim to have "acquired an interest" in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment.' " *Buckner* at ¶ 30, quoting *Bates v. Postulate Investments, L.L.C.,* 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, ¶ 16 (8th Dist.). The Twelfth District went on to say: "Thus, one who acquires an interest in the property during the pending lawsuit 'takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset.' " *Id.,* quoting *Cook v. Mozer,* 108 Ohio St. 30, 36, 140 N.E. 590 (1923).

{¶ 32} Because lis pendens is a doctrine of constructive notice to avoid a creditor's interest in the property being impaired, it does not appear to have a direct bearing on this matter. This is because of the following circumstances: Weese's claimed interest arises from a foreign certificate of judgment obtained prior to the filing of the Lang complaint; the certificate of judgment was domesticated prior to the order of foreclosure and preparation of the final judicial report; the foreclosure was never executed, i.e., there was no sale and confirmation; and neither a creditor in the prior action nor the debtor is invoking this doctrine. Indeed, Christina, a non-party to the first action, is now invoking this doctrine for her own benefit rather than as the executor of the estate to protect estate assets. In

any event, Christina argues lis pendens functions like issue preclusion, which she does have standing to raise.  So, we will review this matter under that doctrine.

{¶ 33} In *Fort Frye Teachers Association, OEA/NEA v. State Employment Relations Board*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998), the Supreme Court explained the following:

> The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.

{¶ 34} Here, the argument appears to be since the trial court found Dalton timely raised that his interest in the property was subject to the homestead exemption, Weese is prevented from ever seeking foreclosure on the same property by the doctrine of issue preclusion.  We disagree.  The prior plaintiff (Lang) ceased efforts to execute after the trial court found Dalton was permitted to claim the homestead exemption.  But the trial court never vacated the foreclosure order.  As a result, the decree of foreclosure is still valid and not dormant.  *See* R.C. 2329.07 and *Beaumont v. Herrick*, 24 Ohio St. 445, 457 (1873).  The issue of whether Weese can institute a foreclosure, therefore, is irrelevant.

{¶ 35} Next, we turn to the issue of whether the Lang decision on the applicability of the homestead exemption is conclusive here.  It may well have been the case that, during Dalton's life, Weese was precluded from relitigating that particular homestead

exemption issue.  But now Dalton is deceased.  The general proposition is, " 'heir takes the land subject to the payment of the ancestor's debts.' " *Wead v. Lutz*, 161 Ohio App.3d 580, 2005-Ohio-2921, 831 N.E.2d 482, ¶ 26 (12th Dist.), quoting *Gill v. Pinney's Administrator,* 12 Ohio St. 38, 46, 1861 WL 3 (1861).  It then follows that the trial court's decision regarding the homestead exemption did not operate to extinguish any of the liens.  We can infer from the trial court's decision and Lang's abandonment of the action that the homestead exemption made execution on the liens impractical.  But this does not mean that any of the liens were extinguished.

{¶ 36} In fact, at least in the case of mortgages, the failure to include a senior mortgagor in a foreclosure action prior to a sheriff's sale makes a purchaser subject to that mortgage.  *Society Bank and Trust Co. v. Zigterman*, 82 Ohio App.3d 124, 126, 611 N.E.2d 477 (3d Dist.1992).  Further, R.C. 2329.20 allows property to be sold at foreclosure subject to liens.  And the statute makes no apparent distinction between liens and mortgages.  In sum, there is no authority cited that Weese's certificate of judgment is no longer valid or that he is forever barred from seeking execution, especially since the foreclosure order was never vacated.  We note further that the certificate of judgment was filed before the amended final judicial report.  As such, it should have been included in the report; we do not know why the title examiner did not include Weese's lien.  If it had been, this matter could have been resolved prior to the property being offered for sale.

{¶ 37} Accordingly, as a valid lienholder, Weese might be able to avail himself of the procedure under R.C. 5302.20(C)(4): "A creditor of a survivorship tenant may enforce a lien against the interest of one or more survivorship tenants by an action to marshal liens against the interest of the debtor or debtors."  *See also New Falls Corporation v. Pierson*, 12th Dist. Clermont No. CA2013-03-023, 2014-Ohio-567, ¶ 21.  But we note

whether the property was subject to the right of survivorship has yet to be briefed by the parties or decided by the trial court. Further, there is not yet information about whether there is an estate open or whether this property would be subject to the jurisdiction of the probate court in that action. Upon remand, the trial court can address these issues, if at all, as appropriate. In any event, the issues raised by Weese, i.e., the impact of Dalton's death and whether Christina can claim the homestead exemption and similarly avoid execution, were not addressed in the Lang case; thus, the doctrine of issue preclusion does not apply to these issues.

{¶ 38} In sum, we conclude that neither issue preclusion nor claim preclusion nor lis pendens bars Weese from seeking satisfaction of his lien. Because the trial court affirmatively did not rule on whether Christina is entitled to claim the homestead exemption, we do not find that issue ripe for review on appeal. Likewise, Weese appears to raise an issue of first impression as to whether the facts underlying the judgment in the Coshocton County case provides him with a "special" lien that can avoid the homestead exemption, despite the statutory language of R.C. 2329.66(A)(1)(b). We likewise decline to address that or any issues of priority of lienholders until the trial court does so first.

{¶ 39} Upon review, we find the trial court erred in granting summary judgment to Christina.

{¶ 40} The sole assignment of error is granted.

{¶ 41} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby reversed and the matter is remanded to said court for further proceedings consistent with the opinion.

By King, J.

Wise, P.J. and

Delaney, J. concur.

*Wise, P. J., dissenting*

**{¶42}** I respectfully dissent from the majority opinion. The majority finds that the court erred in granting summary judgment based on the rationale expressed in *Gehm v. Timberline Post & Frame*.

**{¶43}** "Supreme Court has held that motions to intervene generally should not be granted after final judgment. *State ex rel. First New Shiloh Baptist Church v. Meagher,* 82 Ohio St.3d 501, 503-504, 696 N.E.2d 1058 (1998) ("Intervention after final judgment has been entered is unusual and ordinarily will not be granted"). It would be incongruent to encourage trial courts to deny these motions then broadly apply claim and issue preclusion to a movant's subsequent and related filed action. To that end, the Supreme Court has held: "When a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, paragraph two of the syllabus."

**{¶44}** I would find the application in *Gehm* to this case is overbroad. In *Gehm* the denial of intervention was based on the legal rational that they had no standing. This case is distinguished from *Gehm* as Appellant was denied intervention not because they lacked standing, but because their motion to intervene was untimely.

**{¶45}** I would further find the doctrine of lis pendens does apply in the case *sub judice*. R.C. 2703.26 states, "[w]hen a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

**{¶46}** Three elements must be present for lis pendens to apply: (1) the property must be of a character to be subject to the rule, (2) the court must have jurisdiction over

both the person and the res, and (3) the property or res must be sufficiently described in the pleadings; additionally, the litigation must be about some specific thing that must be necessarily affected by the termination of the suit. *Natl. Union Fire Ins. Co. v. Hall*, 2nd Dist. Montgomery No.19331, 2003-Ohio-462, ¶14.

{¶47} "Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment." *Bates v. Postulate Invests., L.L.C.*, 8th Dist. No. 90099, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, ¶16.

{¶48} The Ohio Supreme Court explained the doctrine of lis pendens in *Cook v. Mozer*, (1923), 108 Ohio St. 30, 36-37, 140 N.E. 590, 592:

> The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation.

{¶49} In the case *sub judice*, Appellant filed a judicial lien on the property in question after a complaint was filed in a foreclosure proceeding. After the final judgment in the proceeding, Appellant attempted to intervene into the foreclosure case. The trial court denied his motion to intervene. Appellant then filed a second foreclosure action on

the same property in question. The trial court found Appellant was precluded from bringing this suit based on the doctrine of lis pendens.

{¶50} The majority finds the doctrine of lis pendens does not apply because Appellant is attempting to foreclose on Charles Dalton, III's interest in the property; however, case *sub judice* cannot proceed without disrupting the original foreclosure proceeding which already marshalled the creditors liens. Therefore, I find the doctrine of lis pendens does apply and Appellant's lien on the property in question is extinguished by the operation of the lis pendens statute. Appellant is prevented from challenging the trial court's judgment in the original foreclosure case in a separate action.

{¶51} Accordingly, I would affirm the trial court and overrule Appellant's sole Assignment of Error.

[Cite as *Weese v. Dalton*, 2023-Ohio-3905.]