JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants Jamol Coles and Tina Murphy Coles appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we affirm in part, reverse in part and remand to the lower court.
 I. {¶ 2} According to the facts, appellee Andrea Daniels was running a day care business out of her home when her son, A.D., sexually molested A.C., a five-year-old girl, in the basement. At the time of the incident, A.D. was either eleven, twelve or thirteen, depending on which date, 1999, 2000 or 2001, is accepted.
 {¶ 3} Appellants Jamol Coles and Tina Murphy Coles, individually and on behalf of their minor daughter, sued appellee Andrea Daniels, the mother of A.D., in the Cuyahoga County Common Pleas Court on April 26, 2002, for negligent supervision and loss of consortium. Appellee filed her answer on July 11, 2002. Nationwide Mutual Fire Insurance Company ("Nationwide"), the insurer for purposes of Andrea Daniels' homeowner's policy, filed a motion to intervene on July 23, 2002, which was granted on August 29, 2002.
 {¶ 4} After appellants filed suit in common pleas court, appellee filed for bankruptcy on July 5, 2002 in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division. On September 13, 2002, the trial court was advised that appellee had filed a bankruptcy petition, and all proceedings in the common pleas court were stayed. The case was then removed from the active docket of the common pleas court and proceeded in the bankruptcy court.
 {¶ 5} On October 30, 2002, appellants' previously filed motion to reactivate the proceeding in common pleas court was granted and the trial court reactivated the case. On February 7, 2002, appellants filed a motion for summary judgment, seeking an order determining there were no genuine issues of material fact relative to the issue of insurance coverage. This motion was granted on April 11, 2003, and intervening plaintiff-appellee, Nationwide, who had filed a summary judgment on the same issue, was denied summary judgment on the issue of coverage.
 {¶ 6} On April 22, 2004, Nationwide filed a supplemental motion for summary judgment, alleging that the sexual molestation took place on a date that was outside the scope of the insurance policy. This supplemental motion for summary judgment was denied on June 23, 2004. The case was bifurcated, and a bench trial was held on the declaratory judgment action on September 24, 2004. The trial court rendered its verdict on October 20, 2004, finding in favor of the intervening plaintiff-appellee, Nationwide, and declared no coverage was available to appellants under the policy. This appeal now follows.
 II. {¶ 7} Appellants' first assignment of error states the following: "The trial court committed prejudicial error when it heard an issue that had already been decided by the U.S. Bankruptcy Court for Northern District of Ohio, Eastern Division."
 {¶ 8} Appellants argue that the lower court erred because it heard an issue that was already decided by the bankruptcy court. We disagree.
 {¶ 9} "Once a bankruptcy proceeding begins in one court, the concurrent jurisdiction of other courts is partially stripped. * * * In addition to exclusive jurisdiction over the bankruptcy proceeding itself, `the district court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.' * * * However, the exclusivity of the bankruptcy court's jurisdiction reaches only as far as the automatic stay provisions of 11 U.S.C. § 362. That is, if the automatic stay applies to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy court. If the automatic stay does not apply — e.g., if an exception to the stay covers the action in question — the bankruptcy court's jurisdiction is concurrent with that of any other court of competent jurisdiction. And if the bankruptcy court grants relief from the stay with respect to certain property or claims, see11 U.S.C. § 362(d), (e), (f), the bankruptcy court retains jurisdiction over those matters, although its jurisdiction is concurrent with that of other courts of competent jurisdiction." Chao v. Hosp. Staffing Servs.,Inc. (2001), 270 F.3d 374, 383; see, also, City of Shaker Heights v.Green, Cuyahoga App. No. 82236, 2003-Ohio-4068.
 {¶ 10} The bankruptcy stay in the case at bar was lifted for the limited purpose of attempting to access policy coverage between appellee Daniels and Nationwide. The motion for relief filed by appellants in the bankruptcy court stated that the motion was "for the sole reason of proceeding with a personal injury suit against the Debtor, Andrea Daniels." In this instance, the bankruptcy court issues are separate from the common pleas court personal injury suit. Accordingly, we find that the lower court had jurisdiction and did not commit prejudicial error.
 {¶ 11} Appellants' first assignment of error is overruled.
 {¶ 12} Because of the substantial interrelation of appellants' second and third assignments of error, we shall address them together.
 {¶ 13} Appellants' second assignment of error states the following: "The trial court abused its discretion and committed reversible error when it denied insurance coverage based on the testimony of witnesses previously determined to lack credibility."
 {¶ 14} Appellants' third assignment of error states the following: "The trial court erred when it granted intervening plaintiff's motion to amend its intervenor's complaint on the day of trial."
 {¶ 15} Appellants argue that the trial court erred when it denied insurance coverage based on certain trial testimony and allowed Nationwide to amend its complaint on the day of trial.
 {¶ 16} An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe1 (1991), 57 Ohio St.3d 135; Blakemore v. Blakemore (1983),5 Ohio St.3d 217. The appellate review of a trial court's decision regarding a motion to amend consists of determining whether the trial judge's decision was an abuse of discretion, not whether it was the same decision that the appellate judges might have made. Wilmington SteelProducts, Inc. v. Cleveland Electric Illuminating Co. (1991),60 Ohio St.3d 120, citing State ex rel. Wargo v. Price (1978),56 Ohio St.2d 65.
 {¶ 17} An attempt to amend a complaint "following the filing of a motion for summary judgment raises the spectre of prejudice." Johnson v.Norman Malone Assoc., Inc. (Dec. 20, 1989), Summit App. No. 14142.
 {¶ 18} Appellee argues that the sexual molestation occurred two years earlier than appellants contend. However, all of the other witnesses disagreed with the attacker's date. All of the witnesses deposed up to the point of trial testified that the incident occurred in 2001.
 {¶ 19} Appellants' counsel stated the following in the trial transcript:
"There is no doubt that the event occurred within the policy period in October of 2001. All the witnesses that have been deposed so far have stated that; including the head of the daycare who is the mother of the assailant; including the mother of victim * * *.
"We have the witnesses, we have the victim, we have the family, we have the assailant's family. What we don't have — what we don't have is we don't have now, I believe, the actual assailant who basically after admittedly raping this girl in order to get better treatment under the juvenile system cut a deal with the police to admit it all, but have it happen earlier. So instead of being 13 and subject to possible bind over for a felony and treatment as an adult, decided that he was going to push it back until he was 11. The cops were happy to have their confession, he was happy to avoid severe repercussions, and Nationwide was happy to be able to weasel their way out of a policy. So everyone but a raped victim is happy."[1]
 {¶ 20} Although counsel's statements are not evidence, they do provide additional insight regarding motive. The transcript comments remind us that if the sexual assault occurred two years earlier, the attacker would not be subject to possible bind over for a felony and treatment as an adult.
 {¶ 21} The officer statement form, dated November 16, 2001, demonstrates inconsistencies regarding the attacker's testimony. The officer statement form states the following:
"The suspect, [A.D.], was given a polygraph examination by Det. Raine [spelling], following an extensive investigation into the alleged report. The test revealed the suspect, [A.D.], was being deceptive.
"[A.D.] was re-interviewed, at which time he admitted his part in the crime. He gave a typewritten statement admitting that in July of 2000 [not 1999] he asked her to take down her pants and * * *.
"The victim, [A.C.], reported the incident having occurred forthe first time on 10/11/01.
"Daniels was filed on in juvenile court and released into the care and custody of the parents."[2]
(Emphasis added.)
 {¶ 22} Appellee argues that the attack occurred two years earlier. However, it is more likely that a three-year-old child who witnessed an assault on her sister would tell her mother about events that just occurred, rather than events that transpired two years ago. In addition, two years earlier the witness would have only been a one-year-old and would have had a difficult time remembering or even knowing the conduct she witnessed.
 {¶ 23} Moreover, appellee Andrea Daniels, the mother of the sexual attacker, corroborates that the incident occurred in fall 2001, and reported it contemporaneously to her supervisory day care worker.
"Q: Okay. When did you report what happened between your son and [A.C.]?
"A: The day it happened.
"Q: And what day was that, do you recall?
"MR. GRAVENS: Objection. Go ahead and answer.
"A: I believe October 11th or 8th, I'm not real sure.
"Q: Of 2001?
 "A: Yes."[3]
(Emphasis added.)
 {¶ 24} All of the pleadings prior to trial indicated that the assault occurred in October 2001. Moreover, as previously mentioned, the record demonstrates that there is substantial testimony from several different witnesses that the assault occurred in 2001. In addition, Nationwide could have easily made its motion to amend prior to trial; however, it failed to do so. Given the evidence in the record, it was arbitrary and highly prejudicial for the trial court to grant Nationwide's motion at such a late date.
 {¶ 25} Based on the record and evidence in the case at bar, we find the trial court abused its discretion and committed reversible error when it denied insurance coverage. In addition, we find error on the part of the trial court in its granting of Nationwide's motion to amend on the day of trial. We find the trial court's actions in the case at bar to be unreasonable and arbitrary, thereby constituting an abuse of discretion.
 {¶ 26} Accordingly, appellant's second and third assignments of error are sustained.
 {¶ 27} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that the parties bear their own costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., concurs; Corrigan, J., dissents. (see separatedissenting opinion.)
[1] Tr. 27-29.
[2] Offense/incident report, officer statement form, File #CH01-8838, dated November 16, 2001.
[3] See appellee Andrea Daniels' deposition, p. 24.
 DISSENTING OPINION