[Cite as *CitiMortgage, Inc. v. Brown*, 2017-Ohio-1551.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104702

---

# CITIMORTGAGE, INC.

### PLAINTIFF-APPELLEE

vs.

# GRAIG A. BROWN, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-827541

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEY FOR APPELLANTS**

Samuel R. Smith
1220 West 6th Street, Suite 203
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

**For CitiMortgage, Inc.**

Bethany L. Suttinger
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

Nathan H. Blaske
Harry W. Cappel
Graydon, Head & Ritchey, L.L.P.
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202

**Also Listed**

**For Cuyahoga County Clerk of Courts**

Nora L. Hurley
Cuyahoga County Law Department
2079 East 9th Street, 7th Floor
Cleveland, Ohio 44115

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellants, Graig Brown and Akarui Enterprises, Inc. ("Akarui"), appeal from the denial of their motion for relief from judgment in a foreclosure action brought against them by appellee, CitiMortgage, Inc. ("CitiMortgage"). Appellants claim that the court erred in denying their motion because it was timely filed and they had a meritorious claim or defense. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Graig Brown executed an adjustable rate note on May 24, 2002, which was secured by a mortgage on property located at 59 John Street, Bedford, Ohio. That note was later modified through agreement on October 8, 2009. The modification agreement indicated that $103,563.78 remained in unpaid principal.

{¶3} On May 29, 2014, CitiMortgage filed a foreclosure action alleging that Brown defaulted on the note. At that time, Akarui was the record titleholder of the property. After numerous attempts at service at various addresses failed, service by publication was completed and the magistrate scheduled a default hearing. Notice was issued and Brown entered an appearance before the court. The magistrate then cancelled the default hearing and eventually allowed Brown to file an answer, which he did on January 26, 2015. However, that answer was filed on behalf of Brown only, Akarui did not file an answer. Another default hearing was held on January 27, 2015. The court granted default judgment against all non-answering parties. The case was then referred to mediation, but no agreement was reached.

**{¶4}** Later, on October 13, 2015, CitiMortgage filed a motion for summary judgment, to which no response was filed. On December 10, 2015, the trial court granted the motion for summary judgment, but indicated that the magistrate would issue a decision setting forth the rights of the parties. The next day, the magistrate issued a decision granting summary judgment and setting forth the amounts of judgment and the priorities of liens. No objections were filed, and the court entered a decree of foreclosure on January 21, 2016. An order of sale was issued on January 29, 2016. A sale took place on March 21, 2016, which was confirmed on April 1, 2016.

**{¶5}** A motion for relief from judgment was filed by appellants on April 12, 2016, and the court held a hearing on the motion. On June 6, 2016, the trial court denied appellants' motion. They then filed the instant appeal assigning one error for review:

> I. The trial court erred in granting default judgment in favor of [appellants] because the judgment entered against [them] should be vacated pursuant to Civ.R. 60(B).

## II. Law and Analysis

**{¶6}** Appellants now claim that the trial court erred in denying their motion for relief from judgment and in initially granting default judgment.

**{¶7}** In order to prevail on a motion for relief from judgment the movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976),

paragraph two of the syllabus. Here, appellants have presented no meritorious defense, so they are not entitled to relief from judgment.

{¶8} Appellants have argued that they are entitled to relief from judgment because CitiMortgage was required to bring a third party into the case because Akarui was no longer the proper party after it deeded the property to Nisumu L.L.C. ("Nisumu"). The doctrine of lis pendens is fatal to appellants' arguments.

{¶9} The doctrine of lis pendens "rests * * * upon the ground that the law will not allow parties litigant to give to others pending a suit rights to property in dispute so as to prejudice the opposite party, and defeat the execution of the decree which may finally be entered." *Eggleston v. Harrison*, 61 Ohio St. 397, 410, 55 N.E. 993 (1900). The doctrine acts as constructive notice to all who would receive an interest in property that is the subject of ongoing action, that their interest will be impacted by the outcome of the action. R.C. 2703.26 provides, "[w]hen a complaint is filed, the action is pending so as to charge a third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

{¶10} Appellants' claimed meritorious defense is actually meritless. "[I]n a mortgage foreclosure action all persons acquiring an interest in the property after service and during the pendency of the suit are bound by the decree and the sale made thereunder." *Avco Fin. Servs. Loan, Inc. v. Hale*, 36 Ohio App.3d 65, 67, 520 N.E.2d 1378 (10th Dist.1987), citing *Recob v. McClendon*, 10th Dist. Franklin No. 81AP-468, 1981 Ohio App. LEXIS 14324, 7-8 (Oct. 13, 1981). *See also Bates v. Postulate Invests.,*

*L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, ¶ 16 (8th Dist.) ("Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment.").

{¶11} The Ohio Supreme Court has previously set forth the legal principle of lis pendens to specifically reject appellants' argument that Nisumu must have been made a party to this case.

> "The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation. It is immaterial that a purchaser was a bona fide purchaser and for a valuable consideration."

*Cook v. Mozer*, 108 Ohio St. 30, 36-37, 140 N.E. 590 (1923), quoting 25 Mack, *Cyclopedia of Law and Procedure,* 1450-1451 (1907). Nisumu took its interest subject

to the outcome of the litigation regardless of whether it was made a party to the case or even whether it had actual notice.

{¶12} Citimortgage properly initiated suit against the record titleholder of the property when the complaint was filed. According to appellants' motion for relief and a deed attached thereto, Akarui transferred title to the property to Nisumu by quitclaim deed on May 1, 2015, which was recorded on June 22, 2015. The complaint was filed on May 29, 2014. The fact that Akarui transferred its interest in the property to someone else midway through the action changes nothing. This is not a meritorious defense and the trial court properly denied appellants' motion for relief from judgment.

{¶13} Additionally, this argument should have been raised in a direct appeal from the grant of the decree of foreclosure. Appellants' attempt to use a Civ.R. 60(B) motion as a substitute for a timely appeal is inappropriate. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus.

### III. Conclusion

{¶14} Based on appellants' arguments raised here and below, they do not have a meritorious claim or defense. The trial court properly determined that the doctrine of lis pendens wholly disposes of appellants' claimed defense. Therefore, the trial court did not err in denying their motion for relief from judgment.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR