[Cite as *Bank of Am. v. Williams*, 2017-Ohio-7166.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104886**

# BANK OF AMERICA, N.A.

PLAINTIFF-APPELLEE

vs.

# TERRENCE WILLIAMS, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-794768

**BEFORE:** Laster Mays, J., McCormack, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 10, 2017

-i-

**FOR APPELLANT**

Terrence Williams, pro se
1675 Warrensville Center Road
South Euclid, Ohio 44121


**ATTORNEY FOR APPELLEE**

Brooke D. Turner-Bautista
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122


**Also Listed:**

**For Consumer Financial Protection Bureau**

Consumer Financial Protection Bureau
1700 G Street NW
Washington, D.C. 20552

**For Federal Trade Commission**

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20580

**For Ohio Bar Association**

Ohio Bar Association
1700 Lake Shore Drive
Columbus, Ohio 43204

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Terrence Williams ("Williams"), proceeding pro se, appeals the trial court's confirmation of the sheriff's sale, following a foreclosure judgment against Williams's residential property. We affirm the trial court's decision.

## I. Background and Facts

{¶2} On November 1, 2012, plaintiff-appellee Bank of America, N.A. ("BOA"), successor by merger to BAC Home Loans Servicing L.P., formerly known as Countrywide Home Loans Servicing, L.P., filed a complaint for foreclosure of a mortgage and promissory note secured by residential property located at 23551 South Woodland Avenue, Shaker Heights, Ohio ("Property"). The complaint named defendants Williams, sole owner and mortgagor, unknown spouse Jane Doe, Cuyahoga County Clerk of Courts, and several lienholders. Williams did not file an answer.

{¶3} On July 23, 2013, Williams filed a petition for bankruptcy under Chapter 7 ("Chapter 7") of the United States Bankruptcy Code (Title 11, United States Code ("Code")).[1] Proceedings were halted by the automatic stay provision of the Code.[2] The

---

[1] Case No. 13-14002.

[2] 11 U.S.C. 362.

case was returned to the active docket on November 19, 2013, upon BOA's provision of evidence of relief from the stay.

{¶4} BOA filed an amended complaint on March 31, 2014. Williams failed to answer, and on June 25, 2014, BOA filed for a default judgment. Williams failed to appear at the July 31, 2014 default hearing. The August 1, 2014 magistrate's decision granted judgment for BOA and noted that Williams's personal liability on the underlying debt had been discharged by the bankruptcy court. The decision was adopted by the trial court on September 2, 2014.

{¶5} Williams filed a second bankruptcy petition under Chapter 13 ("Chapter 13") of the Code in 2014[3] resulting in a second stay of proceedings. The bankruptcy court dismissed the case on January 8, 2015, for failure to meet the Chapter 13 requirements, and on March 12, 2015, Williams moved the bankruptcy court for leave to refile. On October 15, 2015, the bankruptcy court denied the motion, and issued an order imposing a two-year ban on refilings until October 15, 2017, unless Williams obtained leave to file from the court.

{¶6} An order of sale was returned on May 16, 2016. Also on May 16, 2016, a third notice of bankruptcy filing was submitted to the trial court. The petition was filed by Geri Upton ("Upton"), Williams's mother, who was not a party to the action.

---

[3] Case No. 14-17081.

**{¶7}** On June 9, 2016, Williams filed a "notice of bankruptcy stay and motion to withdraw sheriff['s] sale on May 16, 2016."[4] On July 20, 2016, Williams filed a second motion seeking to vacate the sheriff's sale.

**{¶8}** BOA timely responded to the trial court's order to show cause why the sale should not be vacated due to the Upton filing on August 4, 2017. BOA explained in its response to the show cause order that on November 2, 2015, Williams executed and recorded a deed transferring a 50 percent interest in the Property to Upton. The Property transfer and bankruptcy filing appeared to be an attempt to circumvent the bankruptcy court's two-year ban on filings by Williams and prevent the sale.

**{¶9}** Upton's bankruptcy petition indicated that she had no ownership interest in any real property. The petition was dismissed by the bankruptcy court on July 12, 2016, due to Upton's failure to meet the requisite credit counseling requirements as required by law. On August 5, 2016, the trial court denied the pending motions to vacate the sale and directed that the sheriff issue a deed and writ of possession to the Property.

**{¶10}** Williams filed the instant appeal on August 29, 2016, presenting three assignments of error. Each is sequentially addressed below.

---

[4] It appears from the motion that Williams is advocating in support of Upton's filing because the motion requests that the court "look to the substance of her pleadings * * * [and] notify her" of any remedies or rights "she may overlook[ed]."

## II.    Law and Analysis

### A.    First Assignment of Error:   Whether the Trial Court Erred in Disregarding Bank of America's Willful Violation of the Automatic Stay

**{¶11}** The trial court properly determined that the automatic stay did not apply to Upton's bankruptcy filing. First of all, the claim is subject to the doctrine of lis pendens. The foreclosure action was filed on November 1, 2012. The trial court's entry adopting the magistrate's decision granting the default judgment for foreclosure was issued on September 2, 2014.[5]   Under the doctrine of lis pendens, "'[w]hen a complaint is filed, the action is pending so as to charge a third persons with notice of its pendency.'" *CitiMortgage, Inc. v. Brown*, 8th Dist. Cuyahoga No. 104702, 2017-Ohio-1551, ¶ 9, quoting R.C. 2703.26.

**{¶12}**   "While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiffs' title."   *Id.*   Upton acquired her ownership interest in the Property on November 2, 2015, more than a year after the trial court entered the judgment of foreclosure and three years after the case was initiated.

**{¶13}**   Secondly, not only did Upton's bankruptcy filing state that she had no ownership interest in real estate, the case was dismissed by the bankruptcy court on July 12, 2016, prior to the decree of confirmation of sale entered on August 17, 2016.   Thus, even if the stay was applicable in this case, the automatic stay was no longer in effect at

---

[5]   The Property was sold via sheriff's sale held at 9:00 a.m. on May 16, 2016. Upton filed her bankruptcy petition at 10:17 a.m. on the same date.

the time the sale was confirmed. The bankruptcy court's dismissal "automatically terminated the bankruptcy stay." *Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery No. 25952, 2014-Ohio-2300, ¶ 27, citing 11 U.S.C. 362(c)(2)(B); *Callison v. DuPuy*, 2d Dist. Miami No. 2002 CA 52, 2003-Ohio-3032, ¶ 18. *See also Jelm v. Malzeke*, 8th Dist. Cuyahoga No. 61765, 1993 Ohio App. LEXIS 618, *5 (Feb. 4, 1993).

**{¶14}** Finally, though not determinative here, we observe that the facts of this case would warrant "application of an equitable exception to an automatic bankruptcy stay." *JDI Murray Hill, L.L.C. v. Flynn Properties, L.L.C.*, 8th Dist. Cuyahoga No. 94259, 2011-Ohio-301, ¶ 24. The exception applies in limited circumstances where required by justice. *Id.* at ¶ 20, citing *Lowenborg v. Oglebay Norton Co.*, 8th Dist. Cuyahoga Nos. 88396 and 88397, 2007-Ohio-3408, ¶ 32.

> In the limited case where an equitable exception is found to apply, the automatic stay provision is inapplicable and a trial court retains jurisdiction to proceed in the matter. *See Coles v. Daniels*, 8th Dist. Cuyahoga No. 85573, 2005-Ohio-4701, ¶ 9. In such circumstances, there is no violation of the automatic stay; the trial court's judgment is neither void nor voidable.

*Id.* at ¶ 21.

**{¶15}** The repetitive bankruptcy filings by Williams, both directly and through the Property transfer, and filing by Upton, were attempts to use the "'[automatic] stay unfairly as a shield to avoid an unfavorable result.'" *Id.* at ¶ 22, quoting *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 911, 1993 U.S. App. LEXIS 7289 (6th Cir.1993).

**{¶16}** These facts constitute the extreme circumstance contemplated by law that would allow an equitable exception to the automatic stay. "'To hold otherwise and permit the automatic stay provision to be used as a trump card played after an unfavorable result was reached in state court, would be inconsistent with the underlying purpose of the automatic stay[.]'" *Id.* at ¶ 24, quoting *In re Calder*, 903 F.2d 953, 1990 U.S. App. LEXIS 10971 (10th Cir.1990).

**{¶17}** The first assignment of error is overruled.

**B.** **Second Assignment of Error: Whether the Trial Court Erred in not Granting Appellant's Motion to Return Order of Sale without Execution Due to Bank of America's Silence and Nonresponse**

**{¶18}** Here Williams argues that the trial court erred in failing to vacate the order of sale due to BOA's failure to respond to the magistrate's June 10, 2016 order requesting that BOA address what interest, if any, Upton may have in the case. The court's order explained that "[t]he court is unclear how this bankruptcy case stays the sheriff 's sale or confirmation of sheriff's sale." BOA did not respond, and on July 27, 2016, the magistrate issued an order to show cause why the sale should not be vacated due to Upton's filing, to which BOA timely responded.

**{¶19}** A trial court has complete discretion as to how it manages dockets, and we will not disturb its decision unless there is an abuse of discretion. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 8th Dist. Cuyahoga No. 104655, 2017-Ohio-2758, ¶ 26, citing *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 18 (8th Dist.), citing *State ex rel. V Cos. v. Marshall Cty. Aud.*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198

(1998). "An abuse of discretion implies the trial court was arbitrary, unreasonable, or unconscionable." *Id.* at ¶ 20.

{¶20} We do not find that the trial court abused its discretion by issuing the show cause order seeking clarification of the issues to allow the court to make a fully informed, fair, and equitable adjudication. The second assigned error is without merit.

C. **Third Assignment of Error: Whether the Trial Court Erred in Ignoring that Bank of America Violated Dual Tracking Law by Foreclosing on Appellant's Family Home while Negotiating a Loan Modification**

{¶21} This assigned error attacks the judgment of foreclosure. There are two appealable judgments in foreclosure actions: the foreclosure judgment and the confirmation of sale:

> "The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action. On appeal from the order of foreclosure, the parties may challenge the court's decision to grant the decree of foreclosure. *Once the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged.*
>
> The confirmation process is an ancillary one in which the *issues present are limited to whether the sale proceedings conformed to law.* Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

(Emphasis added.) *US Bank N.A. v. Alex,* 8th Dist. Cuyahoga No. 101276, 2015-Ohio-871, ¶ 7, quoting *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39-40.

{¶22} The judgment of foreclosure was entered on September 2, 2014, and was not appealed. As a result, this alleged error is outside of the scope of the current appeal and is barred by the doctrine of res judicata. *Alex* at ¶ 18-19.

### III. Conclusion

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
LARRY A. JONES, SR., J., CONCUR