[Cite as *Woods Cove III, L.L.C. v. Huntington Natl. Bank*, 2016-Ohio-7124.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Woods Cove III, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-784 |
| | | (C.P.C. No. 14CV-3705) |
| Jeffrey B. Hall et al., | : | |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| The Huntington National Bank | : | |
| successor by merger to Unizan Bank, National Association successor by merger | : | |
| to the First National Bank of Zanesville, | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on September 30, 2016

**On brief:** *Means, Bichimer, Burkholder & Baker Co., L.P.A., Dennis J. Morrison*, **and** *Jeffrey J. Madison*, **for appellant.**

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Third-party defendant-appellant, the Huntington National Bank, successor by merger to Unizan Bank, National Association successor by merger to the First National Bank of Zanesville, appeals from a judgment of the Franklin County Court of Common Pleas granting a decree of foreclosure pursuant to a tax certificate in favor of and pursuant to the motion for summary judgment of plaintiff-appellee, Woods Cove III, LLC. For the following reasons, we reverse.

## I.  Facts and Procedural History

{¶ 2}   In November 2012, appellee, Woods Cove III, LLC, purchased from the Franklin County Treasurer tax certificate No. 010-056984-00-P1-0030-12.[1]  On April 3, 2014, appellee filed a complaint against defendants Jeffrey B. Hall, Shawn Allyson Britt, and Amy L. Leitzell alleging that, as the owner and holder of the tax certificate, it is vested with the first lien previously held by the state of Ohio and its taxing districts for the amount of taxes, assessments, penalties, charges and interest charged against the parcel described in the tax certificate, superior to all other liens and encumbrances upon the parcel, pursuant to R.C. 5721.32(E) or 5721.33(G) and 5721.35(A).  With the complaint, appellee sought to foreclose on the lien and recover certain costs and attorney fees related to the tax certificate.

{¶ 3}   Appellant was also named as a defendant as the successor by merger to Unizan Bank, National Association successor by merger to the First National Bank of Zanesville.  The complaint alleged that appellant, among other named defendants, "have or may claim to have some interest in or lien upon said Parcel, but Plaintiff, not being fully advised as to the extent, if any, of such liens or claims, says that the same, if any, are inferior and subsequent to the lien of Plaintiff."  (Complaint at ¶ 13.)

{¶ 4}   Defendants Hall and Britt did not file an answer.  On May 5, 2014, appellant did file an answer, and asserted:

> Huntington does assert an interest in the subject property identified in the Complaint, which interest arises by virtue of a certain Mortgage from Jeffrey B. Hall and Amy L. Leitzell dated September 11, 1998, and recorded December 2, 1998 Instrument No. 199812020309669 in the Recorder's Office of Franklin County, Ohio securing the principal amount of $106,644.99, plus interest in the amount of $398.71, plus additional interest, costs, fees and expenses from November 22, 2010 as they continue to accrue; this interest is a good, valid and subsisting lien on the underlying indebtedness which is unpaid. Further responding, Huntington filed for and obtained foreclosure of its Mortgage in Franklin County, Ohio Court of Common Pleas Case No.

---

[1] We note that the complaint indicates only that appellee purchased tax certificate No. 010-056984-00-P1-0030-12. It does, however, also request the sum of a first priority tax lien on tax certificate No. 010-056984-00-S1-0030-13 as well as on tax certificate No. 010-056984-00-P1-0030-12. The motions for summary and default judgment, as well as the judgment entry, also refer to tax certificate No. 010-056984-00-S1-0030-13.

10CVE15275, and the Confirmation of Sale from that foreclosure litigation is currently pending.

(Answer at ¶ 13.)

{¶ 5} Appellant asserted several defenses, including:

[Failure] to state an actionable claim against Huntington upon which relief may be granted[;]

[Lack of] jurisdiction as the subject property is the subject of another currently pending foreclosure and this case is therefore barred by lis pendens[;]

[Appellant's] lien is a good and valid interest in the [parcel] in the amounts due and owing on the underlying indebtedness.

(Answer at ¶ 16-18.) Huntington sought to protect its interest in the parcel, "and that upon a sale of the subject property, Huntington's interest be paid in the priority determined under Ohio law and further, for recovery of its reasonable attorney's fees." (Answer at ¶ 4.)

{¶ 6} On August 4, 2014, appellee filed a motion for summary judgment against defendant Leitzell and a motion for default judgment against defendants Hall and Britt.

{¶ 7} On August 11, 2014, appellant filed a memorandum contra to advise the court of its objection to appellee's motion for summary judgment filed August 4, 2014. In its memorandum, appellant advised the trial court as follows:

On October 18, 2010, tax lien certificate holder Fidelity Tax, LLC, filed a complaint for foreclosure as to the real property commonly known as 597-601 Oak Street, Columbus, Ohio 43215 (Parcel No. 010-056984-00) (the "Premises") as Franklin County, Ohio Court of Common Pleas Case No. 10CVE15275 ("First Foreclosure"). Within that First Foreclosure, Huntington filed its *Answer, Counterclaim and Cross-Claim* ("Answer"), seeking foreclosure of its Mortgage on the Premises, on November 26, 2010. On September 2, 2012, the court entered a Judgment Entry and Decree of Foreclosure in favor of Huntington. The Premises was sold to a third party buyer on January 18, 2014, and said sale was confirmed on March 21, 2014, when the court entered a Judgment Entry Confirming Sale and Ordering Distribution of Sale Proceeds. On March 24, 2014, Defendant Hall filed a Notice of Appeal of the Confirmation Entry, and the appeal is currently pending before the Tenth District Court of Appeals (the "Appeal"). The First Foreclosure is therefore still pending.

> Plaintiff Woods Cove III, LLC, also a tax lien certificate holder, ("Plaintiff") recently instituted this foreclosure action on April 3, 2014, by filing its Complaint in Foreclosure ("Second Foreclosure") relating to the same property, the Premises. The relief sought by Plaintiff is improper, as it is barred by the doctrine of *lis pendens* pursuant to Section 2730.26 of the Ohio Revised Code. Counsel for Huntington contacted counsel for Plaintiff identifying this issue, but received no response.
>
> Under the doctrine of *lis pendens*, while a foreclosure action is pending, no other action concerning the foreclosed property may be commenced. See *Bates v. Postulate Invests., L.L.C.,* 176 Ohio App.3d 523, * * * 2008-Ohio-2815, ¶ 16 (8th Dist.); *Buckner v. Bank of New York* (Ohio App. 12 Dist., Clermont, 02-18-2014) No. CA 2013-07-05 (*Lis pendens* barred claims by mortgagor's grantee, where grantee acquired interest in property after judgment of foreclosure was entered and <u>while mortgagor's appeal from judgment of foreclosure was pending</u>) (emphasis added). Because the First Foreclosure is still pending, Plaintiff is barred from asserting its interest in the Premises at this time. Therefore, Plaintiff's Motion is improper and really, this Second Foreclosure should be dismissed.

(Huntington Bank's Memo. Contra at 2-3.)

{¶ 8} Appellee filed a reply to appellant's memorandum contra on August 20, 2014 and asserted that the doctrine of lis pendens does not apply to tax lien foreclosures.

{¶ 9} On September 3, 2014, the trial court entered a judgment entry and decree of foreclosure in favor of appellee on its motions for default and summary judgment. In its entry, the court found:

> The Court finds that Defendants, United States of America and The Huntington National Bank successor by merger to Unizan Bank, National Association successor by merger to The First National Bank of Zanesville claim some right, title, interest or lien upon the premises described, as set forth in their Answers filed herein, but that any right, title, interest claim or liens said Defendants may have are inferior and subsequent to the lien of the Plaintiff. The Court makes no finding at this time as to the right, title, interest or lien of said Defendants as set forth in its pleadings, except to note that such claim, right, title, interest or lien of said Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable, and the amount found

due the Plaintiff, and the same is hereby ordered continued until further order.

(Sept. 3, 2014 Jgmt. Entry at ¶ 4.)  The court further found that:

The Court finds that the Tax Certificates held by the Plaintiff constitute a first and valid lien against Permanent Parcel Number 010-056984-00, commonly known as 597-601 Oak Street, Columbus, OH 43215.

[T]here is no just reason for delay in entering judgment herein.

(Jgmt. Entry at ¶ 10-11.)

{¶ 10} On September 4, 2014, appellant filed a motion for reconsideration. Appellant noted that it believed the court was "inadvertently unaware" that appellee's motion was opposed.  Appellant noted:

Not only due to *lis pendens* should this foreclosure not proceed to sale, but in equity, fairness to lienholders an title holder, and in the interests of judicial economy it simply makes no sense to sell the premises for the amount of taxes when the premises has already sold at Sheriff's sale.  It took years for the Premises to get to sale in the other pending foreclosure, at great expense to Huntington.  Now with a sale pending, this foreclosure's tax lien holder sale would essentially vacate all of those efforts.  The Premises already sold for an amount not only sufficient to pay this Plaintiff's taxes in full, and pay Huntington in full, but also allow some additional funds that may be available to the title-holder of the Premises.

(Mot. to Reconsider at 2.)

{¶ 11} Appellee filed a reply to the motion for reconsideration on September 15, 2014, asserting that motions for reconsideration of a trial court's final judgment are a nullity, and, therefore, appellant's motion should be denied.  The trial court never ruled on the motion.

{¶ 12} On October 3, 2014, appellant filed a notice of appeal of the trial court's judgment entry and foreclosure decree entered on September 3, 2014.

## II.  Assignments of Error

{¶ 13} In its appeal, appellant assigns two errors as follows:

[I.] The trial court committed a prejudicial error in failing to consider The Huntington National Bank's ("Huntington")

Memorandum in Opposition to Appellee Woods Cove's Motion for Summary Judgment.

[II.] Pursuant to the doctrine of *lis pendens* under R.C. 2703.26, the trial court lacked jurisdiction to enter a decree of foreclosure against the Premises as it was subject to another active decree of foreclosure and pending judicial sale.

### III. Discussion

{¶ 14} Appellee did not file a brief in this matter, and oral argument scheduled for July 12, 2016 was waived by all parties.

{¶ 15} In the first assignment of error, appellant argues that because the judgment entry makes no reference to appellant's memorandum contra, it can only be concluded that the trial court did not consider the same. We agree.

{¶ 16} The opening paragraph of the judgment entry and foreclosure decree reads:

This cause came to be heard and was submitted to the court upon the [1] Complaint, [2] Plaintiff's Motion for Default Judgment, [3] Plaintiff's Motion for Summary Judgment, [4] the Answer of Defendant United States of America, [5] [the Answer of Defendant] The Huntington National Bank successor by merger to Unizan Bank, National Association successor by merger to The First National Bank of Zanesville, and [6] [the Answer of Defendant] Amy L. Leitzell, and the evidence.

(Jgmt. Entry at 1.)

{¶ 17} There is no reference to appellant's memorandum contra timely filed on August 11, 2014 or to appellee's reply to said memorandum contra filed on August 20, 2014. Furthermore, the judgment entry and foreclosure decree do not address any of appellant's defenses, most significantly lis pendens.

{¶ 18} This court declines to address the defenses, including lis pendens, in the first instance. Therefore, we sustain appellant's first assignment of error.

{¶ 19} As the trial court did not address the defense of lis pendens, and we thus reverse and remand, appellant's second assignment of error is moot.

### IV. Conclusion

{¶ 20} Accordingly, appellant's first assignment of error is sustained and appellant's second assignment of error is rendered moot. We reverse the judgment entry and foreclosure decree and remand to the Franklin County Court of Common Pleas to

consider and decide in the first instance the arguments set forth by appellant in its memorandum contra and the reply of appellee to the same in accordance with law and consistent with this decision.

*Judgment reversed and cause*
*remanded with instructions.*

**SADLER and BRUNNER, JJ., concur.**