[Cite as *In re Estate Lacey*, 2019-Ohio-3384.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: Estate of Barbara Lacey, | : | |
| | | No. 19AP-33 |
| (Friendship Village of Columbus, Inc., | : | (Prob. No. 587015) |
| Appellant). | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on August 22, 2019

**On brief:** *Bruns, Connell, Vollmar & Armstrong, LLC, Adam C. Armstrong,* and *Tara F. Taylor,* for appellant. **Argued:** *Adam C. Armstrong.*

APPEAL from the Franklin County Court of Common Pleas, Probate Division.

NELSON, J.

{¶ 1} This matter relates to potential application of a statutory subsection that has not been assessed by the probate court in this case to this point. In explaining why we return the case to the probate court so that it may engage in that analysis regarding the applicability and import under these circumstances of the statutory language invoked, we begin with a brief procedural overview.

{¶ 2} The late Barbara Lacey seems to have lived the last period of her life at a nursing home called Friendship Village. Three weeks after her death, and then twice subsequently, Friendship Village billed Kelly Paternoster, who was the executor designated in Ms. Lacey's will and who is the residual beneficiary of her estate, for the decedent's nursing home debt (in three different stated amounts, reduced over time from a claim of $35,604.96 to a final figure of $19,585.09, apparently to subtract amounts including charges for days that came after Ms. Lacey was no longer alive). Friendship Village received no response from Ms. Paternoster.

{¶ 3} Some three and a half months after its last letter to Ms. Paternoster, and seeking then to pursue a claim against the estate, Friendship Village filed a motion for relief from judgment under Civil Rule 60(B) asking the probate court to vacate orders that had relieved the estate from administration. The probate court (while apparently accepting at face value the correspondence proffered by Friendship Village, even though it may not have been presented in evidentiary form) overruled the motion, finding that Friendship Village had failed to present its claim to an executor or administrator within six months of the decedent's death as the court found R.C. 2117.06(B) to require. Friendship Village appeals, arguing that the probate court failed to analyze its request under a particular statutory provision that Friendship Village had emphasized to the probate court in challenging its magistrate's recommendation that the Civ.R. 60(B) motion be denied.

{¶ 4} Barbara Lacey died on August 7, 2017 at Friendship Village. Sept. 6, 2017 Certificate of Death. She gave one bequest of jewelry to a beneficiary and otherwise gave "the rest, residue and remainder of all [her] property of all kinds" to her will's named executor, Ms. Paternoster. Sept. 6, 2017 Last Will and Testament of Barbara Lacey, signed and sworn Mar. 29, 2012.  In a letter purportedly sent roughly two weeks after Ms. Lacey died, and that got right to the point by stating, "I am writing to you about the past due status of Barbara Lacey's resident account," Friendship Village advised Ms. Paternoster that "[w]e would greatly appreciate the full and immediate payment of the balance due" (said then to be $35,604.96) and that unless payment or arrangements were made within a week, "we will begin charging your account a late fee of $35.00 per month on the overdue balance." Ex. E, Feb. 23, 2018 Motion for Relief from Judgment (August 24, 2017 letter).

{¶ 5} On September 6, 2017, Ms. Paternoster filed a number of documents in the probate court, including an application to probate Ms. Lacey's will under R.C. 2107.18 and an application to relieve the estate from administration under R.C. 2113.03 based on the value of the estate's assets not exceeding the statutory threshold of $35,000 under R.C. 2113.03(A)(1).  Her filing titled "Assets and Liabilities of Estate to be Relieved from Administration" listed two insurance policies valued together at $11,000 as the only assets in Ms. Lacey's estate.  No debts were listed. Ms. Paternoster signed below a section headed "CERTIFICATION," attesting that the value of any listed assets was "correct, and to applicant's knowledge the above list of decedent's debts is correct." Sept. 6, 2017 Assets and

Liabilities of Estate to be Relieved from Administration at 2. The probate court filed an Entry Relieving Estate from Administration on September 6, 2017.

{¶ 6} On September 12, 2017, Ms. Paternoster filed a supplemental Assets and Liabilities of Estate to be Relieved from Administration form that identified a $1,000 policy from the State Teachers Retirement System as an additional asset. The same day, the probate court filed a Supplemental Entry Relieving Estate from Administration.

{¶ 7} Friendship Village continued to send its bill to Ms. Paternoster. On September 13, 2017, it sent her a statement seeking $28,629.96 (adjusting for a previous overcharge for "room and board" for the entirety of August). Ex. E, Feb. 23, 2018 Motion for Relief. Then, on November 6, 2017, a lawyer for Friendship Village sent Ms. Paternoster as "Applicant and/or Beneficiary of the Estate of Barbara Lacey" a "Dear Paternoster" letter "regarding an unpaid account balance in the amount of $19,585.09 related to care and services Friendship Village rendered to Barbara Lacey between October 2016 and August 2017." Ex. F, Feb. 23, 2018 Mot. for Relief. The self-described "estate claim letter" said that it was to "serve as a formal claim against the Estate of Barbara Lacey," and that it was sent to Ms. Paternoster "both as Applicant to Relieve the Estate from Administration and as a distributee of Ms. Lacey's estate who may share liability for payment of the claim." *Id.* It also advised Ms. Paternoster:

> In your filings and representations to the Probate Court in the above-referenced estate, you omitted the fact [that] Ms. Lacey owned property at 2344 Taylor Ave., Columbus, Ohio 43211 at the time of her death and that said property has a tax-appraised value of $36,500. This real property should be part of Ms. Lacey's estate, and should be liquidated to my client's valid and timely claim. Your failure to include this asset as part of the inventory of Ms. Lacey's estate caused the above-referenced estate to be reli[e]ved from administration and prevented my client from payment it is rightfully owed.

*Id.*

{¶ 8} The letter concluded by requesting that Ms. Paternoster "immediately supplement [the] application to relieve the estate from administration and properly identify the 2344 Taylor Ave. [property] as an asset of the estate"; otherwise, Friendship Village would petition the probate court to do so. *Id.* Ms. Paternoster signed a return receipt for the letter on November 8, 2017. *Id.*

{¶ 9} Two and a half months after that communication, and a little more than six months after Ms. Lacey's death, Friendship Village on February 23, 2018 filed its Civ.R. 60(B) motion requesting that the probate court vacate its entries that had relieved the estate from administration. Friendship Village acknowledged that its request was governed by the standard set forth in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-51 (1976), which states that a "movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Feb. 23, 2018 Memo. at 4.

{¶ 10} Friendship Village argued that it had a meritorious claim for relief because it had "a valid and timely claim against the Estate in the amount of $19,585.09" and had complied with the requirements for presenting a claim against an estate, citing R.C. 2117.06(A)(1)(a) and (2). *Id.* at 4-5. Excusable neglect applied under Civ.R. 60(B)(1), it urged, because "Friendship Village had no knowledge or actual notice of [the] Application to release the Estate," and because "Ms. Paternoster, the applicant for release, knew of Friendship Village's claim yet (1) failed to notify Friendship Village of the proceedings and (2) omitted it as a potential creditor on her Application" to the probate court. *Id.* at 6, citing *In re Estate of Horton*, 9th Dist. No. 19818, 2000 Ohio App. LEXIS 3438 (Aug. 2, 2000). Friendship Village asserted that its motion was timely because it came "only five months after the Entries" from which it sought relief, during which time Friendship Village had asserted its claim to Ms. Paternoster. *Id.* at 7. "Under R.C. 2117.06(B), Friendship Village has [sic] until February 7, 2018 to assert a timely claim," the motion recited, noting that statute's six-month deadline, and it "falls within the statutory deadline to make a claim on Ms. Lacey's estate." *Id.*

{¶ 11} A magistrate denied the motion, reasoning that Friendship Village did not have a meritorious claim because the motion was filed more than six months after Ms. Lacey's death and therefore was "barred" by R.C. 2117.06 and the holding of this court in *In re Estate of Curry*, 10th Dist. No. 09AP-469, 2009-Ohio-6571. May 11, 2018 Magistrate's Order Denying Motion for Relief from Judgment at 2-3. The magistrate also determined

that because the motion had not been filed within the six months specified by R.C. 2117.06, it was "not filed within a reasonable period of time" allowed for a Civ.R. 60(B) motion under *GTE Automatic Electric. Id.* at 3, fn 2.

{¶ 12} Friendship Village moved to set aside the magistrate's order. The gist of the objection was that "[t]he Magistrate's Order * * * ignores Friendship Village's timely claim against the Estate pursuant to R.C. 2117.06(A)(2), which establishes Friendship Village's meritorious claim against the Estate and establishes the Motion for Relief was timely filed." May 21, 2018 Friendship Village Motion To Set Aside * * * Magistrate's Order Denying Relief From Judgment at 2. Friendship Village's communications to Ms. Paternoster had come "within six months after Ms. Lacey's death," the motion underscored, and so satisfied the six-month presentment requirement of R.C. 2117.06(B) in light of the provision of R.C. 2117.06(A) that "[a]ll creditors having claims against an estate, * * * shall present their claims in one of the following manners:  * * * (2) If the final account or certificate of termination has been filed, in a writing to those distributees of the decedent's estate who may share liability for the payment of the claim." *Id.* at 2 (emphasis omitted), 3-4.

{¶ 13} Friendship Village renewed on pages 3 and 4 of that brief its objection that the magistrate had "ignore[d]" the subsection R.C. 2117.06(A)(2) argument; it specified the subsection in its first "Law and Analysis" subheading, *id.* at 3; and it reiterated at pages 4 and 5 (in addressing the "reasonable time" question) that "Friendship Village [now] is not relying upon R.C. 2116.07(A)(1) to support its estate claim [and therefore need not show presentation to a court-determined executor or administrator within six months of death]," but rather relies on its November 6, 2017 "letter to Ms. Paternoster as distributee pursuant to R.C. 2117.06(A)(2)." *Id.* at 4-5.

{¶ 14} The probate court adopted and affirmed the magistrate's decision. "A claim against an estate must be presented to an executor or administrator within six months of the decedent's date of death under R.C. 2117.06," the court said. Dec. 14, 2018 Judgment Entry Denying Motion to Set Aside Magistrate's Order at 3. Citing *Curry*, the court explained that "[w]here one has a claim against an estate, it is incumbent upon them, if no administrator has been appointed, to procure the appointment of an administrator against whom they can proceed." *Id.* It added that "Ms. Paternoster was not a fiduciary of the estate of the Decedent. As such, the letters sent to Ms. Paternoster do not comply with the

[presentment] requirements under R.C. 2117.06." *Id.* Neither did the Civ.R. 60(B) motion, so "the relief requested in the Motion is not permissible." *Id.* "Because Friendship Village did not comply with the requirements under R.C. 2117.06," the probate court concluded, its "claim against the Decedent's estate is barred." *Id.* at 4.

{¶ 15} The probate court did not explicitly address Friendship Village's contention that R.C. 2117.06(A)(2) allows presentment of claims against an estate to be made in writing to a distributee who may share liability, and that such presentment if made within the six-month period would satisfy the timing requirements of subsection (B) of the statute. Indeed, after quoting the provisions of R.C. 2117.06(A) and (B), the Judgment Entry Denying Motion to Set Aside Magistrate's Order did not differentiate between subsections (A)(1) and (A)(2) or assess or mention (A)(2) in any way.

{¶ 16} Friendship Village now appeals to us, asserting as error that "[t]he Franklin County Probate Court abused its discretion and committed reversible error when it denied Appellant's Motion for Relief from Entries Relieving the Estate of Barbara Lacey from Administration." Again and again, in only slightly different formulations, it protests that "Friendship Village's Motion for Relief was based upon R.C. 2117.06(A)(2) and the Probate Court's refusal to address and analyze same was unreasonable and arbitrary." Appellant's Brief at 9-10; *see also, e.g., id.* at 10 ("Nowhere in the Magistrate's Order or the Probate Court's December 14, 2018 Judgment Entry adopting and affirming same, does the Probate Court address or analyze the language of R.C. 2117.06(A)(2)"); 11 ("the Probate Court unreasonably and arbitrarily failed to address and analyze R.C. 2117.06(A)(2)"; then renewing the same complaint in the specific context of arguing that presentment to an executor or administrator is not necessary given the (A)(2) language); 15 ("the Probate Court abused its discretion in arbitrarily and unreasonably failing to address and analyze the separate and distinct elements of R.C. 2117.06(A)(2)"); 23 (probate court "failed to acknowledge and apply the separate and distinct elements of a valid estate claim pursuant to R.C. 2117.06(A)(2) to Friendship Village's Motion for Relief"). Consideration of the R.C. 2117.06(A)(2) subsection was merited, Friendship Village says, because "[i]n every practical sense" Ms. Paternoster's applications and the probate court's entries relieving the estate from administration functioned as filings of "the final account or certificate of termination" to provide the (A)(2) predicate. *Id.* at 15-16.

{¶ 17} Under the reasoning that Friendship Village had advanced to the probate court as highlighted by the objections to the magistrate's opinion, the statute provides two options for presentment of claim against an estate. The first would apply "[a]fter the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination." R.C. 2117.06(A)(1). The second option would apply "[i]f the final account or certificate of termination has been filed." R.C. 2117.06(A)(2). Only the first requires presentment to an administrator or executor, Friendship Village argues; the second option allows instead for presentment "to those distributees of the decedent's estate who may share liability for the payment of the claim," *id*, and would satisfy time limitations on probate claims against an estate, Friendship Village maintains.

{¶ 18} In its submissions to the probate court, Friendship Village raised its argument of a meritorious claim with reference to R.C. 2117.06(A)(2). Feb. 23, 2018 Memorandum in Support of Motion for Relief from Entries Relieving Estate of Administration at 5; May 21, 2018 Motion to Set Aside Magistrate's Order at 2, 3, 4, 5. The probate court did not address the argument and we could benefit from its expertise.

{¶ 19} The probate court is well positioned, for example, to examine in the first instance whether its own orders relieving the estate from administration and the applications as filed by Ms. Paternoster seeking that action are "[i]n every practical sense" the functional and legal equivalent of the filing of a "final account" or "certificate of termination," and whether that predicate for R.C. 2117.06(A)(2) has been met. *See* Appellant's Brief at 15-16. The probate court's insights also would be valuable in examining the interplay, if any, among the R.C. 2117.06(A)(2) subsection on which Friendship Village has relied and other probate-related statutes, including perhaps R.C. 2117.11 and 2117.12. And of course we would benefit from the probate court's assessment of whether, as Friendship Village contends, R.C. 2117.06(A)(2) in conjunction with 2117.06(B) and the broader contours of the probate law envisions the assertion of claims against an estate in probate court (and itself then gives some significance to the question of reopening the estate), or whether, and rather than applying to the "estate claims" that Friendship Village seeks to advance, *see* Appellant's Brief at 12, the statutory subsection applies when "the creditor seeks payment from the distributes directly, not from the estate," *see Anderson's Ohio Probate Practice and Procedure*, Section 14.04[E], 208 (Ed.2012-13). *Compare*

Appellant's Brief at 12 ("unable to find an appellate decision in Ohio specifically addressing the separate and distinct elements of R.C. 2117.06(A)(2)").

{¶ 20} Because the probate court did not address Friendship Village's R.C. 2117.06(A)(2) argument by its terms, that court did not evaluate any of these issues in the factual context before it. *Compare, e.g., Coleman v. R. & S. Elec. Co.*, 10th Dist. No. 76AP-948, 1977 Ohio App. LEXIS 8526, *6 (Apr. 21, 1977) (remanding because "the trial court never reached or determined the issue of whether or not defendant Winnestoffer's failure to answer was the result of mistake, inadvertence, or excusable neglect but, instead, considered only the issue of whether service should be set aside" and holding that "issue of whether or not defendant Winnestoffer should be granted relief from the default judgment pursuant to Civ.R. 60(B)(1) not having been fully determined by the trial court, the assignment of error is well taken"); *Woods Cove III, LLC v. Hall*, 10th Dist. No. 14AP-784, 2016-Ohio-7124, ¶ 17-19 ("the judgment entry and foreclosure decree do not address any of appellant's defenses * * * * This court declines to address the defenses, including lis pendens, in the first instance * * * * [W]e thus reverse and remand").

{¶ 21} "Generally, appellate courts do not address issues which the trial court declined to consider." *Young v. Univ. of Akron*, 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 22 (citations omitted) (issue remanded to trial court for initial consideration). Because the probate court did not analyze and fully determine the issues before it, we sustain Friendship Village's assignment of error to the extent expressed in this opinion, and we remand this matter to the probate court for further proceedings in accordance with law consistent with this decision and with instructions to evaluate Friendship Village's R.C. 2117.06(A)(2) argument in the context of deciding Friendship Village's motion to set aside the magistrate's order on Friendship Village's motion for relief from entries relieving Barbara Lacey's estate from administration (and then, if and as appropriate, in the context of deciding that Civ.R. 60(B) motion).

*Judgment reversed; cause remanded with instructions.*

BRUNNER and BEATTY BLUNT, JJ., concur.

———————————