[Cite as *In re Miles*, 2024-Ohio-5129.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: PERRY L. MILES TESTAMENTARY TRUST | JUDGES: Hon. Patricia A. Delaney, P.J. Hon. William B. Hoffman, J. Hon. Andrew J. King, J. |
| | Case No. 2024 CA 00046 |

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Probate Division, Case No. 19750734(30734) |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | October 24, 2024 |
| APPEARANCES: | |

For Plaintiff-Appellants

W. SCOTT HAYES
195 E. Broad Street
P.O. Box 958
Pataskala, Ohio 43062

For Ohio Attorney General

LIZA DIETRICH, ESQ.
Associate Assistant Attorneys General
Charitable Law Section
30 E. Broad Street, 25th Floor
Columbus, Ohio 43215-3130

For Defendant-Appellees

PETER N. GRIGGS, ESQ.
JENNIFER HUBER, ESQ.
Brosius, Johnson & Griggs, LLC
1600 Dublin Road, Suite 100
Columbus, Ohio 43215

*Hoffman, J.*

**{¶1}** Appellants City of Johnstown and Johnstown-Monroe School District appeal the judgment entered by the Licking County Common Pleas Court, Probate Division, overruling their motion to intervene.  Appellees are Roger W. Smith, Trustee, and Ohio Attorney General David Yost.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Brigadier General Perry L. Miles died in 1961, and his last will and testament was admitted to the Licking County Probate Court.  Item 14 of the will created a charitable trust (hereinafter "Trust"), which owns 168.06 acres of undeveloped land in Licking County.  The Trust owns approximately $1,290,000.00 in other assets.  In pertinent part, the Trust provides:

> It is my wish and desire that upon the termination of the life estates hereinbefore provided, that my farm, residences, buildings, furnishings, and personal effects, books and antiques be kept and maintained as the Longwell and Miles Memorial Estate for the purpose of Religious, Educational and Recreational good and benefit to the residents of Johnstown Village, Liberty Township and surrounding community.  To provide for the safe keeping of items of historical value to the community, to provide a gathering place for groups interested in the betterment of mankind through religion and education study; and to provide suitable environment for picnics, camping and recreation areas, for the youth of the community.

The management and control of said trust shall be vested in my said trustee, or his successor, together with the individual person that holds the position of President of The Johnstown Bank, the President of The Johnstown Federal Savings and Loan Association, the Mayor of the Village of Johnstown, Licking County, Ohio, and the President of the Township Trustees of Liberty Township, Licking County, Ohio, which shall be designated and known as the Longwell and Miles Memorial Estate Body.

Said Management Body shall have full and complete control of all of said trust property and shall make such rules and regulations as are deemed necessary for proper functioning of the trust and its purposes. The judgment of the Management Body shall be complete and final as to any matters that concern the use and purpose for which the trust is created. Said Management Body shall have the power and authority to carry on farming or other income producing activity that in their judgment may become necessary for the maintenance and operation of the Longwell and Miles Memorial Estate. I also authorize said management body, should it become necessary to properly maintain the trust property or to carry out the purpose of the trust, to borrow money and as security to pledge such assets as may be necessary, real or personal.

In all cases in which said Management Body is required to do an act, the majority of them shall govern and the acts of such majority shall be binding upon the trust estate and upon all persons whomsoever.

{¶3}    Since 2010, the Trustee has been required to file status reports with the trial court every six months to allow the court to monitor the Trust's activities.  In August of 2022, the Trustee filed an application with the trial court seeking permission to terminate the Trust, and distribute the Trust's assets to the Licking Park District to fund the development of a memorial park, and to the Licking County Foundation to fund scholarships for local schools.  The application included a resolution approving the proposal signed by three members of the Management Body, including the trustee.  The president of the Liberty Township Trustees did not sign the resolution, but filed a memorandum stating he did not object to the proposal, provided any funds given to the park district were specifically earmarked for the General Miles Memorial Park.

{¶4}    Appellants City of Johnstown and Johnstown-Monroe School District, along with the Greater Johnstown Parks District[1] (hereinafter "the Johnstown Contingent")  filed a motion to intervene.  The Johnstown Contingent also filed a complaint for declaratory judgment.

{¶5}    The Ohio Attorney General filed a motion to intervene, a response in opposition to the Johnstown Contingent's motion to intervene, and a motion to dismiss the Johnstown Contingent's complaint for declaratory judgment.  On April 18, 2024, the trial court granted the motion of the Ohio Attorney General to intervene, and denied the Johnstown Contingent's motion to intervene, finding they lacked standing to intervene. Appellants appeal this judgment in App. Case No. 24 CA 00046.  On the same day by separate judgment entry, the trial court dismissed the Johnstown Contingent's declaratory

---

[1] The Johnstown Parks and Recreation District has not appealed the decisions of the trial court.

judgment action based on lack of standing. Appellants appealed this judgment in App. Case No. 24 CA 00045.

**{¶6}** Although the cases have not been consolidated by this Court, Appellants filed a single brief including both case numbers, and assignments of error related to both appeals. It is from the April 18, 2024 judgments of the trial court Appellants prosecute their appeals, assigning as error:

I. THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ALLOW THE JOHNSTOWN CONTINGENT TO INTERVENE IN THE MATTER OF THE PERRY L. MILES TESTAMENTARY TRUST.

II. THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED THE COMPLAINT OF THE JOHNSTOWN CONTINGENT.

I.

**{¶7}** In their first assignment of error, Appellants argue the trial court erred in overruling their motion to intervene.

**{¶8}** The denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right under R.C. 2505.02(B)(1) which determines the action and prevents the judgment, and therefore is not a final, appealable order. *Gehm v. Timberline Post & Frame,* 2007-Ohio-607, ¶ 37. *See, also, Weese v. Dalton*, 2023-Ohio-3905, ¶ 30 (5th Dist.).

**{¶9}** Appellants sought to intervene to ensure the modification sought on behalf of the Trust, which would result in its termination and final distribution of assets, complied with the terms of the Trust and the intention of General Miles. This purpose could be litigated in another action, and in fact, Appellants filed a declaratory judgment seeking the same result. We therefore find the judgment of the trial court denying Appellants' motion to intervene is not a final, appealable order under R.C. 2505.02(B)(1), and this Court does not have jurisdiction over the appeal.

II.

**{¶10}** Appellants' second assignment of error relates solely to App. No. 24 CA 00045, and will be addressed under separate opinion issued in that case.

**{¶11}** The appeal is dismissed for want of a final, appealable order.

By: Hoffman, J.
Delaney, P.J. and
King, J. concur